Par. (19)(C). Pub.L. 99-556, § 107(1), (3), added subpar. (C). Former subpar. (C) redesignated (D).

Par. (19)(D). Pub.L. 99-556, § 107(2), redesignated former subpar. (C) as (D).

Effective and Applicability Provisions

2003 Acts. Except as otherwise provided, amendments by Pub.L. 108-176 applicable to fiscal years beginning after Sept. 30, 2003, see Pub.L. 108- 176, § 3, set out as a note under 49 U.S.C.A. § 106.

Pub.L. 108-176, Title II, § 226(c), Dec. 12, 2003, 117 Stat. 2530, provided that:

**"(1) In general.**--This section and the amendments made by this section [amending this section, and 5 U.S.C.A. §§ 8331, 8335, 8415, 8422, 8425, 8452, and 8468, and provisions set out as a note under 5 U.S.C.A. § 8331]--

**"(A)** shall take effect on the 60th day after the date of enactment of this Act [Dec. 12, 2003]; and

**"(B)** Shall apply with respect to--

**"(i)** any annuity entitlement to which is based on an individual's separation from service occurring on or after the effective date of this section; and

**"(ii)** any service performed by any such individual before, on, or after the effective date of this section, subject to paragraph (2).

**"(2) Special rule.--**

**"(A) Deposit requirement.**--For purposes of determining eligibility for immediate retirement under section 8412(e) of title 5, United States Code [5 U.S.C.A. § 8412(e)], the amendment made by subsection (a)(2) [amending this section] shall, with respect to any service described in subparagraph (B), be disregarded unless there is deposited into the Civil Service Retirement and Disability Fund, with respect to such service, in such time, form, and manner as the Office of Personnel Management by regulation requires, an amount equal to the amount by which--

**"(i)** the deductions from pay which would have been required for such service if the amendments made by subsection (a)(2) [amending this section] had been in effect when such service was performed, exceeds

**"(ii)** the unrefunded deductions or deposits actually made under subchapter II of chapter 84 of such title [5 U.S.C.A. § 8410 et seq.] with respect to such service.

An amount under this subparagraph shall include interest, computed under paragraphs (2) and (3) of section 8334(e) of such title 5 [5 U.S.C.A. § 8334(e)].

**"(B) Prior service described.**--This paragraph applies with respect to any service performed by an individual before the effective date of this section as an employee described in section 8401(35)(B) of title 5, United States Code [par. (35)(B) of this section] (as amended by subsection (a)(2))."

1998 Acts. Amendments by section 3154 of Pub.L. 105-261 to take effect at the beginning of the first pay period that begins after Oct. 17, 1998, to apply only to an individual who is employed as a nuclear materials courier, as defined by section 8331(27) or 8401(33) of this title as amended by section 3154 of Pub.L. 105-261, after Oct. 17, 1998, see section 3154(m), (n) of Pub.L. 105-261, set out as a note under section 8331 of this title.

1996 Acts. Amendments by Pub.L. 104-208 effective Sept. 30, 1996, with withdrawals and elections pursuant to such amendments to be made at the earliest practicable date as determined by the Executive Director, see section 101(f) [Title VI, § 659] [Title II, § 207] of Pub.L. 104- 208, set out as

a note under section 5545a of this title.

1994 Acts. Except as otherwise provided, amendment by Pub.L. 103-353 effective with respect to reemployments initiated on or after the first day after the 60-day period beginning Oct. 13, 1994, see section 8 of Pub.L. 103-353, set out as a note under section 4301 of Title 38, Veterans' Benefits.

Except as otherwise provided, amendment by Pub.L. 103-337 effective Dec. 1, 1994, see section 1691 of Pub.L. 103-337, set out as a note under section 10001 of Title 10, Armed Forces.

1990 Acts. For applicability of amendments to individuals, who on or after Jan. 1, 1987, moved from employment in a nonappropriated fund instrumentality of the Department of Defense or Coast Guard, described in section 2105(c) of this title to employment not described in section 2105(c), or who moved from employment in such services not described in section 2105(c) of this title, to employment in a nonappropriated fund instrumentality described in section 2105(c), and the duty of certain officials to ensure individuals receive their benefits, see section 7202(m) of Pub.L. 101-508, set out as a note under section 2105 of this title.

Amendment by Pub.L. 101-335 effective as of the second election period described in section 8432(b) of this title beginning after July 17, 1990, or as of such earlier date as the Executive Director might by regulation prescribe, and applicable with respect to separations occurring before, on, or after that effective date, see section 6(c) of Pub.L. 101-335, set out as a note under section 8351 of this title.

1988 Acts. Amendment by section 103(a)(2), (c), and (d)(2) of Pub.L. 100- 238, effective Jan. 1, 1987, see section 103(f) of Pub.L. 100-238, set out as a note under section 3307 of this title.

Section 113(b)(2) of Pub.L. 100-238 provided that: "The amendments made by paragraph (1) [amending this section] shall be effective as of January 1, 1987. Any refund which becomes payable as a result of the preceding sentence shall, to the extent that such refund involves an individual's contributions to the Thrift Savings Fund (established under section 8437 of title 5, United States Code [section 8437 of this title]), be adjusted to reflect any earnings attributable thereto."

1986 Acts. Section 702(a), (b) of Pub.L. 99-335 provided that:

"**(a) In general.**--Except as provided in subsection (b), this Act and the amendments made by this Act [see Short Title of 1986 Acts note set out under this section] shall take effect on January 1, 1987.

"**(b) Exceptions.--(1)** Subchapter VII of chapter 84 of title 5, United States Code, as added by section 101 of this Act [subchapter VII of this chapter] shall take effect on the date of the enactment of this Act [June 6, 1986].

"**(2)** Except as provided in section 305 of this Act [enacting and amending provisions set out as notes under section 8331 of this title], title III of this Act, and the amendments made by such title [amending sections 3121 and 6103 of Title 26, Internal Revenue Code, section 1005 of Title 39, Postal Service, and section 410 of Title 42, The Public Health and Welfare, enacting provisions set out as notes under this section and sections 8331, 8432, and 8472 of this title and section 6103 of Title 26] shall take effect on the date of the enactment of this Act [June 6, 1986].

"**(3)** The amendments made by sections 204 [enacting section 8343a of this title and amending section 8342 of this title] and 205 of this Act [enacting section 8350 of this title] shall take effect on the date of the enactment of this Act [June 6, 1986].

"**(4)** Section 701 of this Act [set out as a note under section 8472 of this title] shall take effect on the date of the enactment of this Act [June 6, 1986].

"**(5)** Sections 505 [enacting section 294 of Pub.L. 88-643, set out as a note under section 403 of Title 50] and 601 of this Act and the amendments made by such section 601 [not classified to the code] shall take effect on the date of the enactment of this Act [June 6, 1986]."

Y5

Reference to a specific date in section 702(a) of Pub.L. 99-335, set out above, for certain purposes, deemed to be a reference to the first day of the first pay period beginning after such date, or to the day before such day, as appropriate, see section 505 of Pub.L. 99-556, set out as a Coordination With Pay Periods note under section 8331 of this title.

Change of Name

Any reference in a law, regulation, document, paper, or other record of the United States to the United States Court of Veterans Appeals shall be deemed to be a reference to the United States Court of Appeals for Veterans Claims, see section 512(c) of Pub.L. 105-368, set out as a note under section 7251 of Title 38, Veterans' Benefits.

Transfer of Functions

For transfer of authorities, functions, personnel, and assets of the Coast Guard, including the authorities and functions of the Secretary of Transportation relating thereto, to the Department of Homeland Security, and for treatment of related references, see 6 U.S.C.A. §§ 468(b), 551(d), 552 (d) and 557, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under 6 U.S.C.A. § 542.

Short Title

1999 Amendments. Pub.L. 106-168, Title II, § 201, Dec. 12, 1999, 113 Stat. 1817, provided that: "This title [enacting section 8431 of this title, amending sections 8351, 8402 and 8411 of this title, and enacting provisions set out as notes under sections 8402 and 8431 of this title] may be cited as the 'Federal Reserve Board Retirement Portability Act'."

1998 Amendments. Pub.L. 105-274, § 1, Oct. 21, 1998, 112 Stat. 2419, provided that: "This Act [enacting this note and amending section 8402 of this title] may be cited as the 'District of Columbia Courts and Justice Technical Corrections Act of 1998'."

1996 Amendments. Pub.L. 104-208, Div. A, Title I, § 101(f) [Title VI, § 659] [Title I, § 101], Sept. 30, 1996, 110 Stat. 3009-372, provided that: "This title [amending sections 8438 and 8439 of this title] may be cited as the 'Thrift Savings Investment Funds Act of 1996'."

Pub.L. 104-208, Div. A, Title I, § 101(f) [Title VI, § 659] [Title II, § 201], Sept. 30, 1996, 110 Stat. 3009-374, provided that: "This title [amending this section and sections 5343 note, 5545a, 8351, 8433, 8435, 8440a, 8440b, and 8440c of this title, repealing section 8431 of this title, and enacting provisions set out as notes under sections 5545a and 8433 of this title] may be cited as the 'Thrift Savings Plan Act of 1996'."

1990 Amendments. Section 1 of Pub.L. 101-335 provided that: "This Act [enacting section 8432a of this title, amending this section and sections 3392, 8351, 8433 to 8435, 8438, 8440a, 8440b, and 8477 of this title, renumbering former section 8440a of this title as section 8440b, enacting provisions set out as notes under sections 3392, 8351, 8432a, 8433, 8434, and 8438 of this title, and amending provisions set out as a note under section 8477 of this title] may be cited as the 'Thrift Savings Plan Technical Amendments Act of 1990'."

1987 Amendments. Pub.L. 100-43, § 1, May 22, 1987, 101 Stat. 315, provided: "That this Act [amending section 8438 of this title] may be cited as the 'Thrift Savings Fund Investment Act of 1987'."

1986 Amendments. Section 1 of Pub.L. 99-556 provided that: "This Act [enacting section 8478a of this title and section 4069 of Title 22, Foreign Relations and Intercourse, amending sections 6301, 8332, 8350, 8401, 8402, 8411, 8412, 8413, 8415, 8421a, 8442, 8443, 8452, 8457, 8461, 8462, 8477, 8478, and 8901 of this title and sections 4046, 4064, 4071c, 4071d, and 4071j of Title 22, enacting provisions set out as notes under sections 6301, 8331, 8332, 8335, 8341, 8477, and 8478 of this title and section 4046 of Title 22, and amending provisions set out as notes under sections

8331 and 8341 of this title] may be cited as the 'Federal Employees' Retirement System Technical Corrections Act of 1986'."

1986 Acts. Section 100(a) of Pub.L. 99-335 provided that: "This Act [enacting this chapter and sections 8343a, 8349, 8350, and 8351 of this title and sections 4068, 4071, 4071a, 4071b, 4071c, 4071d, 4071e, 4071f, 4071g, 4071h, 4071i, 4071j, and 4071k of Title 22, Foreign Relations and Intercourse, amending sections 2105, 2109, 5102, 5314, 6301, 6303, 8116, 8331, 8332, 8334, 8342, 8347, 8348, 8701, 8706, 8714, 8714b, 8714c, 8901, and 8905 of this title, section 1605 of Title 10, Armed Forces, sections 4041 to 4049, 4054 to 4056, 4058, 4060, 4061, 4063, 4064, 4066, and 4067 of Title 22, sections 3121 and 6103 of Title 26, Internal Revenue Code, section 1005 of Title 39, Postal Service, and section 410 of Title 42, The Public Health and Welfare, enacting provisions set out as notes under sections 8331, 8351, 8401, 8432, and 8472 of this title, sections 3901 and 4046 of Title 22, and section 6103 of Title 26, and amending provisions set out as notes under section 8331 of this title and sections 402 and 403 of Title 50, War and National Defense] may be cited as the 'Federal Employees' Retirement System Act of 1986'."

Application of Chapter to Certain Members of House of Representatives Upon Election

Pub.L. 108-83, Title I, § 104(b), Sept. 30, 2003, 117 Stat. 1018, provided that:

**"(1)** During the 60-day period which begins on the date of the enactment of the Legislative Branch Appropriations Act, 2004 [Sept. 30, 2003], any individual who, as of such date, is serving as a Member of the House of Representatives and on such date is not subject to chapter 84 of title 5, United States Code [this chapter], may elect to become subject to such chapter.

**"(2)** Any election under this paragraph shall be carried out in accordance with such procedures as the Office of Personnel Management may provide.

**"(3)** In this subsection [this note], the term 'Member of the House of Representatives' includes a Delegate or Resident Commissioner to the Congress."

Congressional Declaration of Purpose

Section 100A of Pub.L. 99-335 provided that: "The purposes of this Act [see Short Title of 1986 Acts note set out under this section] are--

**"(1)** to establish a Federal employees' retirement plan which is coordinated with title II of the Social Security Act [42 U.S.C.A. § 401 et seq.];

**"(2)** to ensure a fully funded and financially sound retirement benefits plan for Federal employees;

**"(3)** to enhance portability of retirement assets earned as an employee of the Federal Government;

**"(4)** to provide options for Federal employees with respect to retirement planning;

**"(5)** to assist in building a quality career work force in the Federal Government;

**"(6)** to encourage Federal employees to increase personal savings for retirement; and

**"(7)** to extend financial protection from disability to additional Federal employees and to increase such protection for eligible Federal employees."

First Cost-of-Living Adjustment

Section 702(c) of Pub.L. 99-335 provided that:

**"(1)** For purposes of the first adjustment under subsection (b) of section 8462 of title 5, United States Code [5 U.S.C.A. § 8462] (as added by section 101 of this Act), the base quarter ending on

September 30, 1986, shall be considered to have been the base quarter for a year in which an adjustment under such subsection was made.

"**(2)** As used in paragraph (1), the term 'base quarter' has the meaning provided by section 8462(a)(1) of title 5, United States Code [5 U.S.C.A. § 8462(a)(1)] (as added by section 101 of this Act)."

Service as Law Enforcement Officer

Pub.L. 104-52, Title VI, § 640, Nov. 19, 1995, 109 Stat. 513, as amended Pub.L. 104-208, Div. A, Title I, § 101(f) [Title VI, § 629(a)], Sept. 30, 1996, 110 Stat. 3009-362, provided that: "Hereafter, service performed during the period January 1, 1984, through December 31, 1986, which would, if performed after that period, be considered service as a law enforcement officer, as defined in section 8401(17)(A)(i)(II) and (B) of title 5, United States Code [par. (17)(A)(i)(II) and (B) of this section], shall be deemed service as a law enforcement officer for the purposes of chapter 84 of such title [this chapter]."

Pub.L. 104-208, Div. A, Title I, § 101(f) [Title VI, § 629(b)], Sept. 30, 1996, 110 Stat. 3009-362, provided that: "The amendment made by subsection (a) [amending section 640 of Pub.L. 104-52] shall take effect as if included in Public Law 104-52 on the date of its enactment [Nov. 19, 1995]."

Use of "Normal-Cost Percentage"

Section 307 of Pub.L. 99-335, as amended Pub.L. 100-366, § 1, July 13, 1988, 102 Stat. 826, provided that: "Notwithstanding any other provision of law, the normal-cost percentage (as defined by section 8401(23) of title 5, United States Code, as added by this Act) [par. (23) of this section] of the Federal Employees' Retirement System shall be used to value the cost of such System to the Civil Service Retirement and Disability Fund for all purposes in which the cost of the System is required to be determined by the Federal Government. For any comparisons between the cost of performing commercial activities under the contract with commercial sources and the cost of performing such activities using Government facilities and personnel, the cost of the System shall include the cost of such System to the Civil Service Retirement and Disability Fund as specified in the preceding sentence, the cost of the thrift savings plan under subchapter III of chapter 84 of title 5, United States Code [subchapter III of this chapter], and the cost of social security."

CROSS REFERENCES

Annuitant as defined in this section for purposes of appointive positions, see 5 USCA § 3323.
Average pay as defined in this section for purposes of Veterans Health Administration--
  Personnel annuity computation, see 38 USCA § 7426.
  Physicians and dentists special pay, see 38 USCA § 7438.
Firefighter as defined in this section for purposes of maximum age entrance requirements, see 5 USCA § 3307.
Former spouse as defined in this section for purposes of Central Intelligence Agency participation in Federal Employees' Retirement System, see 50 USCA § 2154.
Law enforcement officer as defined in this section for purposes of--
  Annual pay in computing life insurance, see 5 USCA § 8704.
  Central Intelligence Agency employees retirement benefits, see 50 USCA § 2152.
  Foreign Service Retirement and Disability System annuities computation, see 22 USCA § 4046.

  Maximum age entrance requirements, see 5 USCA § 3307.
  Premium pay, see 5 USCA § 5541.
Lump-sum credit as computed in this section for purposes of United States Court of Veterans Appeals judges election of retired pay, see 38 USCA § 7296.
Member as defined in this section for purposes of civil service retirement, see 5 USCA § 8331.
Military reserve technician as defined in this section for purposes of appointments to competitive service, see 5 USCA § 3329.
Normal-cost percentage as defined in this section for purposes of Department of Defense

QUICK PRINT PRINT EMAIL OTHER

Previous Section **28 U.S.C.A. § 1491** Next Section

§ 1491. Claims against United States generally; actions involving Tennessee

Effective: January 01, 2001Prior |Proposed

Approx. 232 pages

Next Part

28 U.S.C.A. § 1491

United States Code Annotated Currentness
Title 28. Judiciary and Judicial Procedure (Refs & Annos)
Part IV. Jurisdiction and Venue (Refs & Annos)
Chapter 91. United States Court of Federal Claims (Refs & Annos)

**§ 1491. Claims against United States generally; actions involving Tennessee Valley Authority**

**(a)(1)** The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. For the purpose of this paragraph, an express or implied contract with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall be considered an express or implied contract with the United States.

**(2)** To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. The Court of Federal Claims shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 10(a)(1) of the Contract Disputes Act of 1978, including a dispute concerning termination of a contract, rights in tangible or intangible property, compliance with cost accounting standards, and other nonmonetary disputes on which a decision of the contracting officer has been issued under section 6 of that Act.

**(b)(1)** Both the Unites [FN1] States Court of Federal Claims and the district courts of the United States shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement. Both the United States Court of Federal Claims and the district courts of the United States shall have jurisdiction to entertain such an action without regard to whether suit is instituted before or after the contract is awarded.

**(2)** To afford relief in such an action, the courts may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs.

**(3)** In exercising jurisdiction under this subsection, the courts shall give due regard to the interests of national defense and national security and the need for expeditious resolution of the action.

**(4)** In any action under this subsection, the courts shall review the agency's decision pursuant to the standards set forth in section 706 of title 5.

53

**(c)** Nothing herein shall be construed to give the United States Court of Federal Claims jurisdiction of any civil action within the exclusive jurisdiction of the Court of International Trade, or of any action against, or founded on conduct of, the Tennessee Valley Authority, or to amend or modify the provisions of the Tennessee Valley Authority Act of 1933 with respect to actions by or against the Authority.

CREDIT(S)

(June 25, 1948, c. 646, 62 Stat. 940; July 28, 1953, c. 253, § 7, 67 Stat. 226; Sept. 3, 1954, c. 1263, § 44(a), (b), 68 Stat. 1241; July 23, 1970, Pub.L. 91-350, § 1(b), 84 Stat. 449; Aug. 29, 1972, Pub.L. 92-415, § 1, 86 Stat. 652; Nov. 1, 1978, Pub.L. 95-563, § 14(i), 92 Stat. 2391; Oct. 10, 1980, Pub.L. 96-417, Title V, § 509, 94 Stat. 1743; Apr. 2, 1982, Pub.L. 97-164, Title I, § 133(a), 96 Stat. 39; Oct. 29, 1992, Pub.L. 102-572, Title IX, §§ 902(a), 907(b)(1), 106 Stat. 4516, 4519; Oct. 19, 1996, Pub.L. 104-320, § 12(a), 110 Stat. 3874.)

[FN1] So in original.

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1948 Acts. Based on Title 28, U.S.C., 1940 ed., § 250(1) (Mar. 3, 1911, c. 231, § 145, 36 Stat. 1136 [derived from R.S. § 1059; Mar. 3, 1887, c. 359, § 1, 24 Stat. 505] ).

District courts are given concurrent jurisdiction of certain claims against the United States under section 1346 of this title. (See also reviser's note [now Revision Notes and Legislative Reports] under that section and section 1621 of this title relating to jurisdiction of the Tax Court.)

The proviso in section 250(1) of Title 28, U.S.C., 1940 ed., relating to claims growing out of the Civil War, commonly known as "war claims," and other claims which had been reported adversely before March 3, 1887 by any court, department, or commission authorized to determine them, were omitted as obsolete.

The exception in section 250(1) of Title 28, U.S.C., 1940 ed., as to pension claims appears in section 1501 of this title.

Words "in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty, if the United States were suable" were omitted as unnecessary since the Court of Claims manifestly, under this section will determine whether a petition against the United States states a cause of action. In any event, the Court of Claims has no admiralty jurisdiction, but the Suits in Admiralty Act, sections 741- 752 of Title 46, U.S.C., 1940 ed., Shipping, vests exclusive jurisdiction over suits in admiralty against the United States in the district courts. *Sanday & Co. v. U.S., 1932, 76 Ct.Cl. 370*.

For additional provisions respecting jurisdiction of the court of claims in war contract settlement cases see section 114b of Title 41, U.S.C., 1940 ed., Public Contracts.

Changes were made in phraseology.

1953 Acts. House Report No. 695, see 1953 U.S. Code Cong. and Adm. News, p. 2006.

1954 Acts. Senate Report No. 2498, see 1954 U.S. Code Cong. and Adm. News, p. 3991.

1970 Acts. House Report No. 91-933, see 1970 U.S. Code Cong. and Adm. News, p. 3477.

1972 Acts. Senate Report No. 92-1066, see 1972 U.S. Code Cong. and Adm. News, p. 3116.

54

1978 Acts. Senate Report No. 95-1118, see 1978 U.S. Code Cong. and Adm. News, p. 5235.

1980 Acts. House Report No. 96-1235, see 1980 U.S. Code Cong. and Adm. News, p. 3729.

1982 Acts. Senate Report No. 97-275, see 1982 U.S. Code Cong. and Adm. News, p. 11.

1992 Acts. House Report No. 102-1006 and Statement by President, see 1992 U.S. Code Cong. and Adm. News, p. 3921.

References in Text

The Contracts Disputes Act of 1978, referred to in subsec. (a)(2), is Pub.L. 95-563, Nov. 1, 1978, 92 Stat. 2383, which is classified principally to chapter 9 (section 601 et seq.) of Title 41, Public Contracts. Sections 6 and 10(a)(1) of such Act are classified to sections 605 and 609(a)(1), respectively, of Title 41. For complete classification of this Act to the Code, see Short Title note set out under section 601 of Title 41 and Tables.

The Tennessee Valley Authority Act of 1933, referred to in subsec. (c), is Act May 18, 1933, c. 32, 48 Stat. 58, as amended, which is classified generally to chapter 12A (section 831 et seq.) of Title 16, Conservation. For complete classification of this Act to the Code, see section 831 of Title 16 and Tables.

Amendments

1996 Amendments. Subsec. (a)(3). Pub.L. 104-320, § 12(a)(2), struck out par. (3) which related to exclusive jurisdiction to grant declaratory judgments and equitable relief on a contract claim brought before the contract is awarded.

Subsec. (b). Pub.L. 104-320, § 12(a)(1), redesignated former subsec. (b) as subsec. (c). Pub.L. 104-320, § 12(a)(3), added subsec. (b).

Subsec. (c). Pub.L. 104-320, § 12(a)(1), redesignated former subsec. (b) as subsec. (c).

1992 Amendments. Subsec. (a)(1). Pub.L. 102-572, § 902(a)(1), substituted "United States Court of Federal Claims" for "United States Claims Court".

Subsec. (a)(2). Pub.L. 102-572, § 902(a)(2), substituted "Court of Federal Claims" for "Claims Court".

Pub.L. 102-572, § 907(b)(1), inserted provisions relating to dispute concerning termination of contract, rights in tangible or intangible property, compliance with cost accounting standards, or other nonmonetary disputes on which decision of contracting officer has been issued.

Subsec. (b). Pub.L. 102-572, § 902(a)(1), substituted "United States Court of Federal Claims" for "United States Claims Court".

1982 Amendments. Subsec. (a)(1). Pub.L. 97-164 designated the first two sentences of the existing first undesignated paragraph as subsec. (a)(1) and in subsec. (a)(1), as so designated, substituted "United States Claims Court" for "Court of Claims".

Subsec. (a)(2). Pub.L. 97-164 designated the third, fourth, and fifth sentences of the existing first undesignated paragraph as subsec. (a)(2) and in subsec. (a)(2) as so designated substituted "The Claims Court" for "The Court of Claims" and "arising under section 10(a)(1) of the Contract Disputes Act of 1978" for "arising under the Contract Disputes Act of 1978".

Subsec. (a)(3). Pub.L. 97-164 added par. (3).

Subsec. (b). Pub.L. 97-164 designated the existing second undesignated paragraph as subsec. (b)

55

and in subsec. (b), as so designated, substituted "United States Claims Court" for "Court of Claims", "conduct of, the Tennessee Valley Authority, or" for "actions of, the Tennessee Valley Authority, nor", "Tennessee Valley Authority Act of 1933" for "Tennessee Valley Authority Act of 1933, as amended,", and "actions by or against the Authority" for "suits by or against the Authority".

1980 Amendments. Pub.L. 96-417 substituted "of any civil action within the exclusive jurisdiction of the Court of International Trade, or of any action" for "in suits".

1978 Amendments. Pub.L. 95-563 provided that the Court of Claims would have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under the Contract Disputes Act of 1978.

1972 Amendments. Pub.L. 92-415 added provisions authorizing the court to issue orders directing restoration to office or position, placement in appropriate duty or retirement status and correction of applicable records and to issue such orders to any United States official and to remand appropriate matters to administrative and executive bodies with proper directions.

1970 Amendments. Pub.L. 91-350 specified that the term "express or implied contracts with the United States" includes express or implied contracts with the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of the National Aeronautics and Space Administration.

1954 Amendments. Act Sept. 3, 1954, added "; actions involving Tennessee Valley Authority" to the catchline and altered the form of the first paragraph to spell out the general jurisdiction of the court in paragraph form rather than as clauses of the paragraph.

1953 Amendments. Act July 28, 1953, substituted "United States Court of Claims" for "Court of Claims" near beginning of section, and added last paragraph.

Effective and Applicability Provisions

1996 Acts. Section 12(b) of Pub.L. 104-320 provided that: "This section and the amendments made by this section [amending subsecs. (a)(3), (b), and (c) of this section] shall take effect on December 31, 1996 and shall apply to all actions filed on or after that date."

1992 Acts. Amendments by section 902(a) of Pub.L. 102-572 effective Oct. 29, 1992, see section 911 of Pub.L. 102-572, set out as a note under section 171 of this title.

Section 907(b)(2) of Pub.L. 102-572 provided that: "The amendment made by paragraph (1) [amending subsec. (a)(2) of this section] shall be effective with respect to all actions filed before, on, or after the date of the enactment of this Act [Oct. 29, 1992], except for those actions which, before such date of enactment, have been the subject of--

"**(A)** a final judgment of the United States Claims Court, if the time for appeal of that judgment has expired without an appeal having been filed, or
"**(B)** a final judgment of the Court of Appeals for the Federal Circuit."

1982 Acts. Amendment by Pub.L. 97-164 effective Oct. 1, 1982, see section 402 of Pub.L. 97-164, set out as a note under section 171 of this title.

1980 Acts. Amendment by Pub.L. 96-417 effective Nov. 1, 1980 and applicable with respect to civil actions pending on or commenced on or after such date, see section 701(a) of Pub.L. 96-417, as amended, set out as a note under section 251 of this title.

1978 Acts. Amendment by Pub.L. 95-563 effective with respect to contracts entered into 120 days after Nov. 1, 1978, and, at the election of the contractor, with respect to any claim pending at such time before the contracting officer or initiated thereafter, see section 16 of Pub.L. 95- 563, set out as a note under section 601 of Title 41, Public Contracts.

56

1972 Acts. Section 2 of Pub.L. 92-415 provided that: "This Act [amending this section] shall be applicable to all judicial proceedings pending on or instituted after the date of its enactment [Aug. 29, 1972]."

1970 Acts. Amendment by Pub.L. 91-350 applicable to claims and civil actions dismissed before or pending on July 23, 1970, if the claim or civil action was based upon a transaction, omission, or breach that occurred not more than six years prior to July 23, 1970, notwithstanding a determination or judgment made prior to July 23, 1970, that the United States district courts or the United States Court of Claims did not have jurisdiction to entertain a suit on an express or implied contract with a nonappropriated fund instrumentality of the United States, see section 2 of Pub.L. 91-350, set out as a note under section 1346 of this title.

Transfer of Functions

For transfer of authorities, functions, personnel, and assets of the Coast Guard, including the authorities and functions of the Secretary of Transportation relating thereto, to the Department of Homeland Security, and for treatment of related references, see 6 U.S.C.A. §§ 468(b), 551(d), 552 (d) and 557, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under 6 U.S.C.A. § 542.

Sunset Provisions

Section 12(d) of Pub.L. 104-320 provided that: "The jurisdiction of the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code [subsec. (b)(1) of this section] (as amended by subsection (a) of this section) shall terminate on January 1, 2001 unless extended by Congress. The savings provisions in subsection (e) [section 12(e) of Pub.L. 104-320, set out as a note under this section] shall apply if the bid protest jurisdiction of the district courts of the United States terminates under this subsection [this note]."

Savings Provisions

Section 12(e) of Pub.L. 104-320 provided that:

"**(1) Orders.**--A termination under subsection (d) [section 12(d) of Pub.L. 104-320, set out as a note under this section] shall not terminate the effectiveness of orders that have been issued by a court in connection with an action within the jurisdiction of that court on or before December 31, 2000. Such orders shall continue in effect according to their terms until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.

"**(2) Proceedings and applications.--(A)** a [sic] termination under subsection (d) shall not affect the jurisdiction of a court of the United States to continue with any proceeding that is pending before the court on December 31, 2000.

"**(B)** Orders may be issued in any such proceeding, appeals may be taken therefrom, and payments may be made pursuant to such orders, as if such termination had not occurred. An order issued in any such proceeding shall continue in effect until modified, terminated, superseded, set aside, or revoked by a court of competent jurisdiction or by operation of law.

"**(C)** Nothing in this paragraph prohibits the discontinuance or modification of any such proceeding under the same terms and conditions and to the same extent that proceeding could have been discontinued or modified absent such termination."

Study on Concurrent Jurisdiction

Section 12(c) of Pub.L. 104-320 provided that: "No earlier than 2 years after the effective date of this section [see section 12(b) of Pub.L. 104- 320, set out as a note under this section], the United States General Accounting Office [now Government Accountability Office] shall undertake a study regarding

57

the concurrent jurisdiction of the district courts of the United States and the Court of Federal Claims over bid protests to determine whether concurrent jurisdiction is necessary. Such a study shall be completed no later than December 31, 1999, and shall specifically consider the effect of any proposed change on the ability of small businesses to challenge violations of Federal procurement law."

CROSS REFERENCES

Admiralty suits against United States, jurisdiction of district courts, see 46 App. USCA §§ 741 et seq. and 781 et seq.
Compensation--
  Government use of wire communication facilities under war powers of President, see 47 USCA § 606.
  Hoopa-Yurok settlement, see 25 USCA § 1300i-11.
  Requisition or purchase of vessel in time of emergency, see 46 App. USCA § 1242.
Disposition of unclaimed property recovered from closed national banks, see 12 USCA § 216b.
District courts, concurrent jurisdiction of actions against United States not exceeding $10,000 or for recovery of internal revenue tax or penalty, see 28 USCA § 1346.
Executive agency contracts, applicability of law to public contract disputes, see 41 USCA § 602.
Jemez National Recreational Area minerals and mining patent limitations United States Claims Court jurisdiction, see 16 USCA § 460jjj-2.
Limitation of actions, see 28 USCA § 2501.
Litigation expenses, acquisition of real property by Federal agencies, see 42 USCA § 4654.
Procedure in Court of Federal Claims, see 28 USCA § 2501 et seq.
Quiet title actions, real property in which United States claims an interest, see 28 USCA § 2409a.
Right of possession defined, Native American graves and funerary objects, see 25 USCA § 3001.
Rock Island Railroad, right to bring action in Court of Federal Claims, see 45 USCA § 1018.
Tax Court jurisdiction, see 26 USCA § 7441 et seq.
Tennessee Valley Authority, use of patents by, see 16 USCA § 831r.
War contracts, jurisdiction and procedure to enforce termination claim, see 41 USCA §§ 113 and 114.

LAW REVIEW COMMENTARIES

Are district courts still a viable forum for bid protests? Peter Verchinski, 32 Pub.Cont.L.J. 393 (2003).

Claims for money in the claims court. David M. Cohen, 40 Cath.U.L.Rev. 533 (1991).

Coastal Zone Management Act and the takings clause in the 1990's: Making the case for federal land use to preserve coastal areas. Linda A. Malone, 62 U.Colo.L.Rev. 711 (1991).

Federal tort claims at the agency level: The FTCA administrative process. George A. Bermann, 35 Case W.Res.L.Rev. 509 (1984-85).

Federal wetlands protection under the Clean Water Act: Regulatory ambivalence, intergovernmental tension, and a call for reform. Michael C. Blumm & D. Bernard Zaleha, 60 U.Colo.L.Rev. 695 (1989).

From the Judiciary Act of 1789 to the Judicial Improvements Act of 1989--Two hundred years of non-inferior "inferior courts." William VanDercreek, 14 Okla.City U.L.Rev. 565 (1989).

Government contract cases in the United States Court of Appeals for the Federal Circuit: 1995 in review. Thomas F. Williamson, Stacey L. Valerio and Stephanie P. Gilson, 45 Am.U.L.Rev. 1657 (1996).

Guide to borrower litigation against the farm credit system and the right of farm credit system

57