No. 04-0093C
Judge Horn

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD MCMULLEN, and ROBERT MACHO,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8TH Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-0461
Fax: (202) 514-7969
Attorneys for Defendant

OF COUNSEL:

RAYMOND A. MARTINEZ
Attorney
Federal Aviation Administration
AGC-30 Personnel and Labor Law
600 Independence Ave., S.W.
Washington, D.C. 20591

December 18, 2006

# TABLE OF CONTENTS


PAGE

ARGUMENT . . . . . 1

I. Plaintiffs Have Failed To Establish That, With The Exception Of Claims For Availability Pay For A Plaintiff's Initial Year Of Eligibility, This Court Possesses Jurisdiction To Entertain Plaintiffs' Claims . . . . . 1

A. Plaintiffs Concede That, If The Provisions Of The LEAPA And 5 C.F.R. § 550.184 Are Applicable To Them, The MSPB Has Exclusive Jurisdiction Concerning Claims If Plaintiffs Are Denied Certification After The Initial Year Of Eligibility . . . . . 3

B. If Plaintiffs Do Not Fit Within The Statutory Scheme of LEAPA And 5 C.F.R. §§ 550.184 and 187, This Court Does Not Possess Jurisdiction To Entertain Any Of Plaintiffs' Claims . . . . . 4

C. While This Court Does Possess Jurisdiction To Entertain Plaintiffs' Availability Pay Claims For Their Initial Year Of Eligibility, This Court Does Not Possess Jurisdiction To Entertain The Remainder Of Plaintiffs' Claims . . . . . 5

II. Plaintiffs Have Failed To Establish That, Pursuant To 49 U.S.C. § 40122, This Court Possesses Jurisdiction To Entertain Plaintiffs' Claims For Availability Pay, Including Claims For The Initial Year Of Eligibility, Accruing After March 31, 1996 . . . . . 11

CONCLUSION . . . . . 13

**TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998) . . . . . 1

Allen v. Merit Systems Protection Bd.,
127 F.3d 1074 (Fed. Cir. 1997) . . . . . 11

Booth v. United States,
990 F.2d 617 (Fed. Cir. 1993) . . . . . 3

Caven v. Merit Systems Protection Board,
392 F.3d 1378 (Fed. Cir. 2004) . . . . . 6

Crowley v. United States,
398 F.3d 1329 (2005) . . . . . 1

Cyprus Amax Coal Co. v. United States,
205 F.3d 1369 (Fed. Cir. 2000) . . . . . 4

Doe v. United States (Doe I),
372 F.3d 1347 (Fed. Cir. 2004) . . . . . 9, 10

Doe v. United States (Doe II),
463 F.3d 1314 (Fed. Cir. 2006),
petition for cert. filed Dec. 12, 2006 (No. 06-808) . . . . . 10

Koyen v. Office of Personnel Management,
973 F.2d 919 (Fed. Cir. 1992) . . . . . 9, 11

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) . . . . . 1

Office of Personnel Management v. Richmond,
496 U.S. 414 (1990) . . . . . 8, 9

Reynolds v. Army and Air Force Exchange Service,
846 F.2d 746 (Fed. Cir. 1988) . . . . . 1

Schweiker v. Hansen,
450 U.S. 785 (1981) . . . . . 8, 9

**TABLE OF AUTHORITIES**
**-continued-**

**CASES** **PAGE(S)**

United States v. Fausto,
484 U.S. 439 (1988) . . . . . 3, 4

United States v. King,
395 U.S. 1 (1969) . . . . . 4

Whitman v. Department of Transportation,
126 S. Ct. 2014 (2006) . . . . . 2, 4

Worthington v. United States,
168 F.3d 24 (Fed. Cir. 1999) . . . . . 5

**STATUTES AND REGULATIONS**

5 U.S.C. § 5445 . . . . . 10

5 U.S.C. § 5542 . . . . . 9

5 U.S.C. §] 5545a . . . . . passim

5 U.S.C. § 5546a . . . . . 13

5 U.S.C. § 5596, App. 5-6 . . . . . 11

5 U.S.C. § 7513(d) . . . . . 3

28 U.S.C. § 1491 . . . . . 4

49 U.S.C. § 40122 . . . . . passim

5 C.F.R. § 183 . . . . . 6

5 C.F.R. §§ 550.183(a) . . . . . 5, 6

5 C.F.R. §§ 550.184 . . . . . passim

5 C.F.R. § 550.187(a) . . . . . 2

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD McMULLEN, and ROBERT MACHO, | ) | |
| Plaintiffs, v. | ) | No. 04-0093C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS

Defendant respectfully submits its reply to "Plaintiffs' Opposition to Defendant's Partial Motion to Dismiss Submitted Pursuant to Court's Order Filed October 30, 2006." We establish below that defendant's partial motion to dismiss should be granted. In support of our reply, we rely the following reply brief, defendant's partial motion to dismiss, plaintiffs' opposition to that motion, the appendix attached to our motion to dismiss, plaintiffs' appendix to its opposition to our motion to dismiss, and defendant's supplemental appendix filed with our reply.

ARGUMENT

I. Plaintiffs Have Failed To Establish That, With The Exception Of Claims For Availability Pay For A Plaintiff's Initial Year Of Eligibility, This Court Possesses Jurisdiction To Entertain Plaintiffs' Claims

In our motion to dismiss, we demonstrated that plaintiffs bear the burden of establishing that this Court possesses jurisdiction to entertain their claims for availability pay. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189-90 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Reynolds v. Army and Air Force Exchange Service, 846 F.2d 746, 748 (Fed. Cir. 1988). However, the Government conceded that, in accordance with Crowley v. United States, 398 F.3d 1329 (2005), if a plaintiffs' first year of eligibility occurred prior to April 1, 1996, see 49 U.S.C. § 40122, this Court possesses

jurisdiction to entertain plaintiffs' claims for their initial year of eligibility for availability pay,[1/] pursuant to 5 U.S.C. § 5545a (the "LEAPA") and 5 C.F.R. §§ 550.184 and 187.[2/]

In their opposition to our partial motion to dismiss, plaintiffs allege, concerning the certification requirement for both the initial year, Brief 4-9,[3/] and the subsequent years, Brief 10-16, that their claims are for retroactive availability pay, i.e., for unscheduled overtime already performed.[4/] Consequently, plaintiffs, citing Whitman v. Department of Transportation, 126 S. Ct. 2014 (2006), contend that they do not fit within the regulatory scheme of 5 C.F.R. §§ 550.184 and 187 requiring certification for the initial year, or the statutory scheme of the LEAPA and 5 C.F.R. § 550.184 requiring certification for the subsequent years. Brief 4-9. Thus, plaintiffs conclude: (1) that there is "an absence of any obligation to certify pursuant to [5 U.S.C. §] 5545a(e)(1) because certifications do not reach retroactive claims for Availability Pay . . . ;" and (2) this Court, and not the MSPB, possesses jurisdiction to entertain all of plaintiffs' claims because their claims "do not fit within the statutory scheme of 5545a and the regulations promulgated thereto. . . ." Brief 15-16. Consequently, plaintiffs argue that certifications are not only "frivolous and unnecessary," but also "superfluous," Brief 8- 9, and that it is "the status of 'a criminal investigator' as defined by 5 U.S.C. Section 5545a, which determines whether each Plaintiff is a qualified criminal investigator entitled to receive

---

1/ The term "initial year" refers to the initial year, prior to April 1, 1996, that a plaintiff would be eligible to receive availability pay.

2/ Because plaintiffs Vanderpool, Caven, Funke, Roberts, and Fisher were not newly hired investigators when LEAPA was enacted, 5 C.F.R. § 550.187(a), is applicable to them while 5 C.F.R. § 550.184 is applicable to plaintiffs Root, McMullen and Macho.

3/ "Brief_" refers to plaintiffs' opposition to defendant's partial motion to dismiss. "Pl. App.___" refers to plaintiffs' appendix filed with plaintiffs' opposition. "App._" refers to appendix attached to defendant's partial motion to dismiss. "Sup. App._" refers to the supplemental appendix filed with this reply to plaintiffs' opposition. "JSOF_" refers to the joint stipulation of fact filed with defendant's partial motion to dismiss.

4/ The term "subsequent years" will be used to refer to plaintiffs' claims for availability pay for the years subsequent to the initial year of eligibility. Of course, pursuant to the LEAPA, in order for a plaintiff to have subsequent year claim, that plaintiff had to be entitled to receive availability pay during the previous year. App. 2.

Availability Pay." Brief 8 (emphasis supplied). Indeed, plaintiffs believe that "the [certification requirement] may be appropriately disregarded in the process of making the 'legal and factual determinations necessary to resolving [the Plaintiffs' claims]'for uncompensated unscheduled overtime under 5 U.S.C. Section 5545a. Brief 9 (emphasis supplied). Moreover, for the same reasons, plaintiffs assert that their claims are not premature. Brief 16-17.

We establish that none of the arguments, allegations, contentions, and assertions upon the issue of certification and the MSPB's exclusive jurisdiction[5/] have any basis in law. In fact, plaintiffs' arguments are contrary to the established case of law of the United States Supreme Court and the United States Court of Appeals for the Federal Circuit ("Federal Circuit).[6/]

A. Plaintiffs Concede That, If The Provisions Of The LEAPA And 5 C.F.R. § 550.184 Are Applicable To Them, The MSPB Has Exclusive Jurisdiction Concerning Claims If Plaintiffs Are Denied Certification After The Initial Year Of Eligibility

A review of plaintiffs' opposition reveals that it is devoid of any reference to United States v. Fausto, 484 U.S. 439, 454 (1988). The Federal Circuit has held that, pursuant to Fausto, when "the CSRA provides an exclusive alternative remedy, the United States has not waived its immunity to suit on [a] personnel action in the Court of Federal Claims." Booth v. United States, 990 F.2d 617, 619 (Fed. Cir. 1993). In our motion to dismiss, the Government clearly established that pursuant to the LEAPA, § 5545a(e)(2), and 5 C.F.R. § 550.184(e), if a plaintiff, after being initially certified, is denied certification to continue receiving availability pay, Congress has mandated: (1) that this personnel action constitutes a reduction in pay, App. 2, and (2) the MSPB, pursuant to 5 U.S.C. § 7513(d), possesses exclusive jurisdiction to entertain an appeal from that denial. App. 2.

[5/] When the Government refers to "exclusive jurisdiction," the Government limits that phrase to plaintiffs' availability claims for the years subsequent to a plaintiff's initial year of eligibility.

[6/] Plaintiffs make similar arguments concerning the Court's jurisdiction to entertain their availability claims for both the initial year and subsequent years. Therefore, the Government's reply concerning the subsequent years is applicable to the initial year.

Plaintiffs' opposition to the MSPB's jurisdiction for the subsequent years is limited to the allegations: (1) that the statutory and regulatory certification requirements do not apply to them because, pursuant to Whitman, plaintiffs do no fit within LEAPA's statutory and regulatory scheme; and (2) the Government is estopped from imposing those requirements upon them. Brief 10-16. Consequently, plaintiffs do not dispute that, if the statutory and regulatory certification requirements are applicable to their subsequent year claims, and the FAA denies certification for any subsequent year, pursuant to Fausto, the MSPB, not this Court, possesses exclusive jurisdiction to review that underlying personnel action.

B. If Plaintiffs Do Not Fit Within The Statutory Scheme of LEAPA And 5 C.F.R. §§ 550.184 and 187, This Court Does Not Possess Jurisdiction To Entertain Any Of Plaintiffs' Claims

We established in our partial motion to dismiss that, pursuant to statute and regulation, (1) once a determination is made that plaintiffs should be certified for their initial year of eligibility, a denial of certification of eligibility for availability pay is mandatory in order for plaintiffs to have a claim for the subsequent years; and (2) if such a denial occurs, pursuant to the LEAPA, the MSPB has exclusive jurisdiction concerning such a denial. Plaintiffs oppose our motion upon the grounds that, because their claims are for availability pay already earned, i.e., retroactive, they do not fit within the statutory and regulatory scheme. Brief 4-16. Nonetheless, plaintiffs assert that this Court is not "preempted by the [LEAPA] or the CSRA from exercising jurisdiction over those claims via the Tucker Act." Brief 13; see also Brief 10, i.e., neither the LEAPA, nor the implementing regulations, are necessary for this Court to possess jurisdiction to entertain any of plaintiffs' claims. Plaintiffs are wrong.

It is axiomatic that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction upon this Court only when a substantive right to recovery exists. United States v. King, 395 U.S. 1, 4 (1969). Thus "to invoke jurisdiction under the Tucker Act, a party must point to a complementary substantive right found in another source of federal law, such as the Constitution, federal statutes, or executive regulations." Cyprus Amax Coal Co. v. United States, 205 F.3d 1369,

1373 (Fed. Cir. 2000) (emphasis supplied).

To fall within the Tucker Act's jurisdictional grant, a claim must invoke a statute that mandates the payment of money damages. Worthington v. United States, 168 F.3d 24, 26 (Fed. Cir. 1999). In plaintiffs' cases, the money mandating Executive regulations, 5 C.F.R. §§ 550.184 and 187, App. 17-18, and the money mandating statute, LEAPA, App. 1-2, allow for the payment of availability pay only if plaintiffs and their supervisor provide to the head of the FAA an initial certification, in the case of the regulations, and an annual certification, in the case of LEAPA, that they met and/or will meet the substantial hour requirement of the LEAPA. Consequently, if plaintiffs do not fit within the scheme of LEAPA or the regulations, then, as far as plaintiffs are concerned, the LEAPA and regulations are not money mandating. Accordingly, this Court would be preempted by the Tucker Act from possessing jurisdiction to entertain any of plaintiffs' claims, including those claims for their initial year of eligibility.

C. While This Court Does Possess Jurisdiction To Entertain Plaintiffs' Availability Pay Claims For Their Initial Year Of Eligibility, This Court Does Not Possess Jurisdiction To Entertain The Remainder Of Plaintiffs' Claims

As previously stated above, and in our motion to dismiss, the Government believes that this Court, pursuant to LEAPA and 5 C.F.R. §§ 550.184 and 187, possesses jurisdiction to entertain plaintiffs' claim concerning a denial of certification for the initial years. However, concerning the subsequent years, we established above, and in our motion to dismiss, that the LEAPA clearly and unambiguously states that: "Each criminal investigator shall be paid availability pay as provided under this section. 5 U.S.C. § 5545a(c), App. 2 (emphasis supplied). Thus, for plaintiffs to be entitled to availability pay for the subsequent years, plaintiffs must meet the requirements that Congress mandated in the LEAPA, 5 U.S.C. §§ 5545a(d)and(e), App. 2, as implemented in 5 C.F.R. §§ 550.183(a) and 184(b), App. 16, 17.

Pursuant to 5 U.S.C. § 5545a(e)(1), App. 2, and 5 C.F.R. § 550.184, App. 17, each plaintiff and his or her supervisor must certify to the head of the agency that the plaintiff, during the previous year, has met, and will meet for the next year, the substantial hours' requirement,

which is computed using annual averages. 5 U.S.C. § 5545a(d), App. 2; 5 C.F.R. § 550.183(a), App. 16. Therefore, the plaintiffs must annually perform the statutory and regulatory calculation. 5 U.S.C. § 5545a; 5 C.F.R. § 183. Plaintiffs, however, attempt to overcome these mandatory requirements by asserting that they do not have to provide certification because their claims are not prospective, but retroactive. Brief 4-16. Indeed, plaintiffs declare that certifications are "frivolous and unnecessary," "superfluous," and should be "disregarded." Brief 8-9. According to plaintiffs, it is "the status of 'criminal investigator' as defined by 5 U.S.C. Section 5545a[, not certification,] which determines whether each Plaintiff is a qualified criminal investigator entitled to receive Availability Pay." Brief 8.

This is not the first time one of the plaintiffs has contended that certification is not required for retroactive availability pay. Mr. Caven appealed the MSPB's dismissal of his retroactive availability pay claim to the Federal Circuit.[7/] JSOF 20-27. Mr. Caven contended, among other things that "because the Board held that he was entitled to retroactive law enforcement officer status, if he had been given such status in 1994 (as he asserts he should have been), he would necessarily also have been given availability pay from that time." Caven v. Merit Systems Protection Board, 392 F.3d 1378, 1381 (Fed. Cir. 2004).

In affirming the board's dismissal, the Federal Circuit considered this argument and held, in no uncertain terms, that:

> The argument rests on a fallacious assumption: that law enforcement officers automatically are entitled to availability pay. The latter pay is not automatic, however, but requires compliance with the requirements of section 5545a, which include certification by both the law enforcement officer and his superior that the officer has met the statutory requirements.

Caven, 392 F.3d at 1381 (emphasis supplied). Therefore, the law of this circuit is that receipt of availability pay unequivocally requires plaintiffs to comply with the requirements of 5 U.S.C. § 5545a, "which include certification. . . ." Id.

[7/] The FAA specifically denied Mr. Caven's request for availability pay upon the ground that Mr. Caven did not meet the statute's hourly requirement. JSOF 22.

Plaintiffs Vanderpool and Root also appealed to the board for retroactive availability pay. App. 43-56. In both cases, those appeals were dismissed upon the grounds that board did not possess jurisdiction to entertain the appeals because: (1) neither Mr. Vanderpool nor Ms. Root alleged, and there was no evidence showing, that they had "sought the requisite certification," that they met and expected to meet the required hours entitling them to availability pay; and (2) neither Mr. Vanderpool nor Ms. Root alleged, and there was no evidence showing, that such certification had ever been denied. App. 45, 52. Mr. Vanderpool and Ms. Root did not appeal these decisions.[8/] Thus, regardless of the fact Mr. Vanderpool and Ms. Root had LEO status, and their claims were retroactive and not prospective, they, like Mr. Caven, had to meet the statutory and regulatory requirement of certification.

Plaintiffs also contend that the mandated certification requirements do not apply because, while plaintiffs were" toiling in the field overtime to make criminal cases," Brief 15, and the FAA allegedly "reaped the rewards," id., the FAA had no process in place for the calculation of such overtime and, therefore, this failure "should not redound to the detriment of the Plaintiffs who only worked the hours they reasonably believed were required of them." Id.. Thus, according to plaintiffs, even if certification was required, the Government's failures estop the Government from imposing those requirements upon plaintiffs. This contention fares no better than their claim that the certification requirement is "frivolous," "unnecessary," "superfluous," and should be "disregarded." Brief 8-9.

With the exception of a very short period of time, it is undisputed that there were no LEOs employed by the FAA. Therefore, plaintiffs did not have LEO status while performing

---

[8/] None of the plaintiffs and the appropriate supervisory officer ever made an initial certification attesting to the head of the agency that each plaintiff was expected "to meet the substantial hours requirement" in § 550.183 during the upcoming one-year period. However, based upon the FAA's denial of Mr. Caven's request, it is assumed, for the purpose of this motion only, that the FAA would have denied plaintiffs' request for an initial certification. The board's decisions are discussed here only for the purpose of further establishing that plaintiffs must meet the certification requirements as well as being LEOs.

most, if not all, of the alleged overtime. Nonetheless, we establish below that the FAA's alleged failure to provide plaintiffs with LEO status while they allegedly performed unscheduled overtime, and to have a certification process, does not estop: (1) the Government from imposing the statutory and regulatory certification requirements upon plaintiffs; and (2) the MSPB from possessing exclusive jurisdiction to entertain plaintiffs' availability pay claims for the subsequent years.

Plaintiffs argue that they are being denied substantive right to availability pay as a result a failure to comply with a procedural requirement. However, the Supreme Court has held that such a distinction "does not justify estopping [the Government]," because a court is not authorized to overlook a valid statute and/or regulation requirement. <u>Schweiker v. Hansen</u>, 450 U.S. 785, 790 (1981).

More recently, the Supreme Court held that the "judicial use of the equitable doctrine of estoppel <u>cannot grant . . . a money remedy that Congress has not authorized</u>." <u>Office of Personnel Management v. Richmond</u>, 496 U.S. 414, 426 (1990) (emphasis supplied). Thus, "funds may be paid out only on the basis of a judgment based on a substantive right to compensation <u>based on the express terms of a specific statute</u>." <u>Richmond</u>, 496 U.S. at 432 (emphasis supplied). As a result, the Supreme Court "[could not] accept the suggestion [like plaintiffs propound in their opposition to our motion to dismiss], that the terms of a statute should be ignored <u>based on the facts of individual cases</u>." <u>Id.</u> (emphasis supplied) Therefore, when "the relevant statute by its terms excludes [a] claim, [the] remedy <u>must lie with Congress</u>. <u>Id.</u>

The clear and unambiguous language of the LEAPA, and the implementing regulations, App. 2, 16, requires that plaintiffs and their supervisor certify that they met, and expect to meet, the statute's and regulation's substantial hour requirement. It is undisputed that none of the plaintiffs have ever made this certification. Therefore, the LEAPA and 5 C.F.R. § 550.184, "by [their] terms exclude [plaintiffs'] claim[s] [for the subsequent years.]" <u>Richmond</u>, 496 U.S. at

432.

The Federal Circuit, interpreting Schweiker and Richmond, has held that:

> The Supreme Court has left no doubt that it is "the duty of all courts to observe the conditions defined by Congress for charging the public treasury." Schweiker v. Hansen, supra, 450 U.S. at 788 (quoting Federal Crop Insurance Corp. v. Merrill, supra, 332 U.S. at 385). Thus, despite the equities alleged in this case, we are bound by the dictates of Richmond. If remedy there is to be, it lies with Congress.

Koyen v. Office of Personnel Management, 973 F.2d 919, 921-22 (Fed. Cir. 1992). Accordingly, this Court also is bound by the dictates of Richmond and must observe the conditions defined by Congress in the LEAPA: (1) that plaintiffs and their supervisor must certify for each subsequent year that they met, and expect to meet, the substantial hour requirement of the statute and implementing regulation, App. 2, 17; and (2) that, if certification is denied, such a denial constitutes a reduction in pay resulting in the MSPB possessing exclusive jurisdiction to entertain plaintiffs' reduction in pay claim. App. 2, 16.

In Doe v. United States (Doe I), 372 F.3d 1347 (Fed. Cir. 2004), Department of Justice ("DOJ") attorneys claimed entitlement to overtime compensation, pursuant to the Federal Employees Payment Act ("FEPA"), 5 U.S.C. § 5542, for retroactive overtime beginning in 1992.[9/] Because there was no evidence that the overtime was ordered and approved in writing as mandated by the implementing regulations, the Federal Circuit held that the attorneys were not entitled to compensation under FEPA. Id. at 1349.

Applying plaintiffs' retroactive pay argument to the facts in Doe, plaintiffs in this case would contend that the requirement for overtime be ordered and approved in writing is "frivolous and unnecessary," "superfluous," should be "disregarded," Brief 8-9, and can be "dispensed with." Brief 14. The Federal Circuit clearly disagreed. The appellate court reversed

---

9/ In 1995, the FAA determined that plaintiffs were not subject to the LEAPA upon the grounds: (1) that plaintiffs were not LEOs, JSOF 9; and (2) that it did not appear likely that plaintiffs would meet the hours requirement. Supp. App. 28-29. However, while there was no certification process in place for unscheduled overtime, plaintiffs in this case, until April 1, 1996, like the Doe plaintiffs, were subject to the overtime requirements of the FEPA.

this Court's granting of overtime compensation because the alleged overtime had not been ordered and approved in writing as required by the regulation. Indeed, the Federal Circuit ruled that, despite the fact that DOJ attorneys were expected to work overtime without compensation, that was "not a ground for awarding overtime compensation that was not ordered and approved in strict compliance with the regulation. . . ." Doe I, 372 F.3d at 1364 (emphasis supplied).

Subsequent to Doe I, this Court dismissed the DOJ attorneys' claim that, pursuant to 5 U.S.C. § 5445, they were entitled to administratively uncontrollable overtime ("AUO") that they had performed. The Doe plaintiffs appealed to the Federal Circuit.[10/]

Similar to the LEAPA's and its implementing regulations' certification requirement, the regulations implementing 5 U.S.C. § 5545 "require[d] that the head of each agency or a designated person determine which employees meet the statutory requirements for AUO pay prospectively." Doe v. United States (Doe II), 463 F.3d 1314, 1325 (Fed. Cir. 2006), petition for cert. filed Dec. 12, 2006 (No. 06-808). The Federal Circuit, this time affirming this Court, ruled that, pursuant to "this regulatory mandate," the DOJ established what constituted covered positions and that an "attorney" was not one of those positions. Id. Thus, even though the AUO claims were "retroactive," the statutory and regulatory mandates were neither "frivolous and unnecessary," "superfluous," "disregarded," Brief 8-9, nor "dispensed with." Brief 14. To the contrary, those mandates were dispositive of the Doe plaintiffs' AUO claims.

Based upon all of the foregoing, this Court cannot "dispense with" the statutory and regulatory requirements for certification, even though plaintiffs' alleged unscheduled overtime was performed in the past. Therefore, if a plaintiff is receiving availability pay and the FAA denies certification to continue to receive availability pay for any subsequent year, then, pursuant to the LEAPA: (1) such a denial arguably constitutes a reduction in pay; and (2) the MSPB, would possess exclusive jurisdiction to entertain an appeal of such an adverse personnel action.

---

[10/] One purpose of the LEAPA was to replace AUO.

Finally, as discussed above, this Court has a "duty to observe the conditions defined by Congress." Koyen 973 F.2d at 921. Therefore, for all of the reasons discussed above, as well as in our partial motion to dismiss, until the FAA denies plaintiffs a certification, plaintiffs' claims for the subsequent years are also premature. Accordingly, defendant's partial motion to dismiss should be granted.

II. Plaintiffs Have Failed To Establish That, Pursuant To 49 U.S.C. § 40122, This Court Possesses Jurisdiction To Entertain Plaintiffs' Claims For Availability Pay, Including Claims For The Initial Year Of Eligibility, Accruing After March 31, 1996

In our partial motion to dismiss, we established that Congress clearly mandated in 49 U.S.C. § 40122(g)(2) that, after March 31, 1996, LEAPA did not apply to the FAA. App. 8. Indeed, the Federal Circuit held that 49 U.S.C. § 40122(g)(2) was "clear concerning the applicability of title 5 to the new FAA system: with limited exceptions, title 5 'shall not apply to the new personnel management system developed and implemented pursuant to [the statute]'; it therefore does not apply to FAA personnel." Allen v. Merit Systems Protection Bd., 127 F.3d 1074, 1076 (Fed. Cir. 1997) (emphasis supplied). After March 31, 1996, although there were provisions of Title 5 , United States Code, that were applicable to the FAA, the LEAPA was not one of those provisions. App. 8. Accordingly, pursuant to 49 U.S.C. § 40122(g)(2), and Allen, as far as plaintiffs are concerned: (1) the LEAPA was no longer a money mandating statute;[11/] and (2) because this Court must observe the conditions defined by Congress in 49 U.S.C. § 40122(g)(2), Koyen 973 F.2d at 921, this Court does not possess jurisdiction to entertain any claim for availability pay, including claims for the initial year, that accrued after March 31, 1996.

Plaintiffs attempt to overcome the fact that, after March 31, 1996, 5 U.S.C. § 5545a no longer applied to the FAA, by arguing that, despite the clear and unambiguous language of 49 U.S.C. § 40122(g)(2), plaintiffs, pursuant to language contained in the FAA PMS and

[11/] The Back Pay Act, 5 U.S.C. § 5596, App. 5-6, like the LEAPA, is not one of the listed exceptions to 49 U.S.C. § 40122(g)(2). App. 8.

49 U.S.C. § 40122(e), are still entitled to availability pay after March 31, 1996. Brief 17-24. These arguments have no basis in law.

Plaintiffs are correct that the FAA PMS does specifically provide that "from April 1, 1996 to September 30, 1997, personnel compensation and benefits will be determined with the standards and procedures . . . in effect on March 31, 1997." Pl. App. 13; Brief 19-20. However, plaintiffs, despite previously arguing that the mandatory certification requirement of the LEAPA and implementing regulations do not apply to them, now contend that, pursuant to 49 U.S.C. § 40122(g)(1), the FAA PMS "reincorporated, albeit indirectly, as binding on the FAA, the <u>mandatory Availability Pay provisions</u> of the [LEAPA]." Brief 17 (emphasis supplied).

If it is assumed for the sake of argument that availability pay qualifies as "personnel compensation and benefits," Pl. App. 13, then entitlement to availability pay from April 1, 1996 to September 30, 1997, would be "determined in accordance with the standards and procedures that were in effect on March 31, 1996."[12/] Pursuant to the LEAPA and 5 C.F.R. § 550.184, the standards and procedures in effect on March 31, 1996 required plaintiffs and their supervisor to certify that they met, and were expected to meet, the substantial hour requirement of the statute and the implementing regulation. App. 2, 17. If a plaintiff was denied certification for a subsequent year, the standards and procedures in effect on March 31, 1996, <u>i.e.</u>, LEAPA and 5 C.F.R. § 550.184, arguably made that denial a reduction in pay, over which the MSPB would have exclusive jurisdiction. Consequently, even if it is assumed for the sake of argument the FAA PMS provisions applied to availability pay, this Court still does not possess jurisdiction to entertain any of plaintiffs' claims, including those for the initial year, accruing after March 31, 1996.[13/]

---

[12/] Defendant does not concede that the FAA PMS is money mandating.

[13/] The FAA PMS provision clearly ends on September 30, 1997. Plaintiffs Root and Macho were hired after September 30, 1997. JSOF 5, 7. Plaintiff McMullen was hired on September 14, 1997, JSOF 6, and, therefore, if he could be initially certified, would be entitled to only 16 days of availability pay.

Plaintiffs' allegation that availability pay is included within the term "differential pay" is also wrong. As plaintiffs correctly contend, neither the FAA PMS nor 49 U.S.C. § 40122 define differential pay. However, Congress specifically established which FAA and Department of Defense employees were eligible for differential pay. 5 U.S.C. § 5546a, Supp. App. 26-27.

It is undisputed that, pursuant to the LEAPA, App. 1, only criminal investigators with LEO status are entitled to availability pay. However, Congress did not include either criminal investigators or LEOs as FAA or Department of Defense employees who are entitled to differential pay. Supp. App. 26-27 .

Further, on October 25, 1983, the FAA issued an order, Supp. App. 1-25, implementing 5 U.S.C. § 5546a. See Supp. App. 1, 27. A review of the pertinent provisions of the order reveals that, like the statute, air traffic controllers are the primary recipients of differential pay and neither criminal investigator nor LEO are covered positions. Supp. App. 2-11 . Consequently, the employee protection provision at 49 U.S.C. § 40122(e) does not: (1) apply to plaintiffs' availability claims; and (2) overcome the mandate of 49 U.S.C. § 40122(g)(2) that 5 U.S.C. § 5545a does not apply to the FAA.

Finally, plaintiffs' contention that the FAA grievance procedures do not apply to "certification matters or overtime entitlement" claims, Brief 23, may be correct. However, plaintiffs fail to mention that the FAA PMS also contained a very detailed appeals procedure over and above the grievance procedure. Pl. App. 23-25.

Based upon all of the above, pursuant to 49 U.S.C. § 40122(g)(2), even if the MSPB does not possess exclusive jurisdiction to entertain plaintiffs' availability claims for the subsequent years, this Court does not possess jurisdiction to entertain plaintiffs' claims accruing after March 31, 1996, because, after that date, the FAA, and therefore plaintiffs, were not subject to LEAPA.

## CONCLUSION

For all of the reasons set forth in this reply brief, as well as our partial motion to dismiss, defendant respectfully requests that the Court grant defendant's partial motion to dismiss: (1) all

of plaintiffs' claims for availability pay accruing subsequently to their first year of eligibility; and (2) any of plaintiffs' claims, including claims for the initial year of eligibility, that accrued after March 31, 1996.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 616-0461

Attorneys for Defendant

OF COUNSEL:

RAYMOND A. MARTINEZ
Attorney
Federal Aviation Administration
AGC-30 Personnel and Labor Law
600 Independence Ave, S.W.
Washington, D.C. 20591

December 18, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December 2006, the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

\s\ Steven J. Abelson