**NO. 04-0093C**

**JUDGE HORN**

---

**In the United States Court of Federal Claims**

**JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD MCMULLEN, and ROBERT MACHO,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SUBMITTED PURSUANT TO COURT ORDER FILED JANUARY 5, 2007

---

**Respectfully submitted,**

**Mahon & Berger, Esqs.**
**Lawrence Berger, Esq.**
**21 Glen Street, Suite D**
**Glen Cove, New York 11542**
**Phone: 516-671-2688**
**Fax: 516-671-1148**
**Attorney for the Plaintiffs**

**Dated: January 24, 2007**

## TABLE OF CONTENTS

PAGE

**Plaintiffs' Supplemental Memorandum Submitted Pursuant to Court Order Filed January 5, 2007......1**

**I. Preliminary Statement......1**

**II. Procedural History......2**

**III. The Futility of the Certification Process......3**

**IV. Tucker Act Jurisdiction under the FAA Personnel Management System Implemented as of April 1, 1996......7**

**V. Operational Differential Pay......9**

**VI. The Doe Series of Cases......9**

**VII. Conclusion......11**

**PLAINTIFFS' SUPPLEMENTAL APPENDIX DOCUMENTS**

**Settlement Agreement dated January 29, 2001......1**

**Vanderpool Letter Requesting Availability Pay dated February 26, 2001......2**

**Funke Letter Requesting Availability Pay dated March 6, 2001......5**

**Roberts Letter Requesting Availability Pay dated February 26, 2001......7**

**Root Letter Requesting Availability Pay dated February 16, 2001......9**

**Fisher Letter Requesting Availability Pay dated February 8, 2001......10**

**Macho Letter Requesting Availability Pay dated February 14, 2001......12**

**U.S. Dept. Of Transportation ("DOT") Letter to Vanderpool dated March 15, 2001 Denying Entitlement to Availability Pay......13**

**DOT Letter to Roberts dated March 15, 2001 Denying Entitlement to Availability Pay......14**

**DOT Letter to Funke dated March 15, 2001 Denying Entitlement to Availability Pay......15**

# TABLE OF AUTHORITIES

**CASES** **PAGE**

**1. Bradley v. United States,**
**42 Fed. Cl. 333 (1998)..........................................................................4**

**2. Caven v. Merit Systems Protection Board,**
**392 F.3d 1378 (Fed. Cir. 1004)..............................................................5**

**3. Crowley v. United States,**
**298 F.3d 1329 (Fed. Cir. 2005)..............................................................5**

**4. Doe v. United States,**
**372 F.3d 1347 (Fed. Cir. 2004)..............................................................9**

**5. Doe v. United States,**
**463 F.3d 1314 (Fed. Cir.).......................................................................4, 9**

**6. Whitman v. Department of Transportation,**
**126 S. Ct. 2014 (2006)..........................................................................4**

**Statutes and Regulations**

**5 U.S.C. Section 5545a..........................................................................1, 3, 4, 5, 6, 7, 10**

**49 U.S.C. Section 40122(g)....................................................................7**

**5 C.F.R. Section 184..............................................................................3, 5, 6**

**In the United States Court of Federal Claims**

**James R. Vanderpool, Thomas L. Caven, Michelle L. Root, Richard L. Roberts, Thomas J. Funke, William E. Fisher, Donald McMullen, and Robert Macho,** **(Judge Horn)**

**Plaintiffs,** **No. 04-0093C**

**v.**

**The United States,**

**Defendant.**

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SUBMITTED PURSUANT TO COURT ORDER FILED JANUARY 5, 2007**

## I. PRELIMINARY STATEMENT

This Supplemental Memorandum is intended to briefly summarize the more salient points of Plaintiffs' oral argument delivered on January 5, 2007. Each of the Plaintiffs claim retroactive entitlement to a form of overtime pay known as Law Enforcement Availability Pay ("Availability Pay") pursuant to the Law Enforcement Availability Pay Act of 1994, codified at 5 U.S.C. Section 5545a (1994) (the "Act"). Each of the Plaintiffs seek Availability Pay for overtime work performed during the following time periods:

1. James Vanderpool
   A. Initial year of eligibility - October 30, 1994 through October 29, 1995
   B. Subsequent years of eligibility - October 30, 1995 through March 26, 2001;

2. Richard L. Roberts
   A. Initial year of eligibility - October 30, 1994 through October 29, 1995
   B. Subsequent years of eligibility - October 31, 1995 through March 26, 2001;

3. Thomas J. Funke
   A. Initial year of eligibility - October 30, 1994 through October 29, 1995
   B. Subsequent years of eligibility - October 30, 1995 through March 26, 2001;

4. William E. Fisher
   A. Initial year of eligibility - October 30, 1994 through October 29, 1995
   B. Subsequent years of eligibility - October 30, 1995 through March 26, 2001;

5. Thomas L. Caven
   A. Initial year of eligibility - October 30, 1994 through October 29, 1995
   B. Subsequent years of eligibility - October 30, 1995 through January 4, 2002;

6. Donald McMullen
   A. Initial year of eligibility - September 14, 1997 through September 13, 1998
   B. Subsequent years of eligibility - September 14, 1998 through March 26, 2001;

7. Michelle L. Root
   A. Initial year of eligibility - June 7, 1998 through June 6, 1999
   B. Subsequent years of eligibility -June 7, 1999 through March 26, 2001;

8. Robert Macho
   A. Initial year of eligibility - August 16, 1998 through August 15, 1999
   B. Subsequent years of eligibility August 16, 1999 through February 10, 2001;

## II. PROCEDURAL HISTORY

Only the Plaintiffs Caven, Vanderpool, and Root applied to the Merit Systems Protection Board (the "Board") seeking Availability Pay for the overtime each worked for the time periods described above. The procedural history of Plaintiff Caven's claim for Availability Pay before the Board and the United States Court of Appeals, Federal Circuit is accurately described in the Joint Stipulation of Fact ("JSOF"), paragraphs 16 through 28, pp. 7-11. The procedural history of Plaintiffs Vanderpool's and Root's claims for Availability Pay before the Board is accurately described at JSOF paragraphs 30 and 31, pp. 11-12. None of the other Plaintiffs filed claims for

Availability Pay with the Board, or any other administrative agency. The issue of the futility of seeking certification of eligibility for Availability Pay from the Federal Aviation Administration ("FAA") for the initial year and subsequent years of eligibility by each of the Plaintiffs will be discussed below.

## III. THE FUTILITY OF THE CERTIFICATION PROCESS

Each of the Plaintiffs assert a retroactive claim for Availability Pay. It appears to be undisputed that at all times relevant to the Plaintiffs' claims for such pay, each Plaintiff was a "criminal investigator" as specially contemplated by 5 U.S.C. Section 5545a(a)(2) of the Act and therefore occupied positions, that by virtue of the statute, peremptorily entitled the incumbent to Availability Pay . Any requirement that each Plaintiff currently seek certification for their respective claim for retroactive Availability Pay pursuant to 5 U.S.C. Section 5545a(e)(1), and that the claims as presently constituted are unripe for adjudication in this Court because none of the Plaintiffs have suffered a denial of certification for years subsequent to initial year of eligibility of each Plaintiff or for each Plaintiff's initial year of eligibility (except for Plaintiff Caven who, the Defendant concedes, suffered a denial of certification at least for his initial year of eligibility (see JSOF, paragraphs 22, p. 8)), is futile for two reasons. First, as a matter of law, the certification process as prescribed by 5 U.S.C. Section 5545a(e)(1) of the Act and 5 C.F.R. Section 184 (2006), promulgated pursuant to the Act does not apply to the Plaintiffs' claims for retroactive Availability Pay. Second, assuming arguendo, that such certification procedures do apply to the instant claims of the Plaintiffs, the FAA has made it sufficiently clear that, in its view, the certification process does not apply to the Plaintiffs' claims for retroactive Availability

Pay, and therefore, any such certification requests by Plaintiffs would be futile.

The certification process does not apply to Plaintiffs' claims for Availability Pay, as a matter of law. At the oral argument, the Plaintiffs asserted that (regardless of the Defendant's concession regarding jurisdiction to hear claims during initial year of eligibility), this Court has jurisdiction to entertain Plaintiffs' claims for retroactive Availability Pay which accrued during the initial year of eligibility of each Plaintiff as well as all subsequent years of eligibility. The basis for this claim, succinctly summarized, as follows:

A. It appears indisputable that Plaintiffs' claims for retroactive Availability Pay, pursuant to 5 U.S.C. Section 5545a, during the initial year of eligibility for such pay, as well as for all subsequent years of eligibility by virtue of encumbering a position that is a "criminal investigator" position as defined at 5 U.S.C. Section 5545a(a)(2) (which is peremptorily eligible for Availability Pay pursuant to the statute), is rooted in a money mandating statute and therefore this Court has presumptive subject matter jurisdiction to hear Plaintiffs' claims. See e.g., Bradley v. United States, 42 Fed. Cl. 333, 335-36 (1998). See also Doe v. United States, 463 F.3d 1314, 1325 (Fed. Cir. 2006) (ruling that a statute which requires the payment of money to an employee by virtue of the employee's encumbering a specified position is a money mandating statute).

B. There is no statute or statutory scheme which strips the Court of Federal Claims from its presumptive jurisdiction to hear Plaintiffs' retroactive Availability Pay claims which accrued during the initial year or subsequent years of eligibility. See e.g. Whitman v. Department of Transportation, 126 S. Ct. 2014 (2006).

C. Plaintiffs' monetary claims for Availability Pay which accrued during the

initial year of eligibility is not preempted by any of the administrative and judicial remedies prescribed in 5 U.S.C. Section 5545a. See Caven v. Merit Systems Protection Board, 392 F.3d 1378 (Fed. Cir. 2004). It is undisputed that none of the Plaintiffs ever received Availability Pay, and, according to Caven, an employee who has never received Availability Pay, could not have suffered a "reduction in pay" which is the predicate for Board Jurisdiction under the Act. Id.

D. It is also undisputed that during the period of time covered by Plaintiffs' retroactive Availability Pay claims, the FAA never set up a certification procedure as contemplated by Section 5545(e)(1) and (2) of the Act and 5 C.F.R. Section 550.184 (a), and there is no such certification process in effect currently.

E. Nevertheless, despite the absence of a certification process promulgated by the FAA, this Court has the jurisdiction to make the legal and factual determinations necessary to resolve the retroactive Availability Pay claims of the Plaintiffs. See Crowley v. United States, 398 F.3d 1329, 1334 (Fed. Cir. 2005).

F. Indeed, even if the FAA were to set up a certification process now, such a procedure could never apply, as a matter of law, to Plaintiffs' retroactive claims for Availability Pay covering initial year as well as subsequent years of eligibility, and hence, this Court's presumptive jurisdiction to hear Plaintiffs' claims could never be precluded by a purported failure to adhere to such certification procedures or to exhaust such a procedure.

G. On a threshold level, the initial certification contemplated by 5 C.F.R. Section 550.184(a) for the initial year of eligibility is prospective only, and does not reach or capture employee certification of past work. According to 550.184(a), each qualified employee initially certifies that the employee "is expected to meet the substantial hours requirement in Section

550.183 during the upcoming 1-year period." 550.184(a). It would be frivolous and futile to now require each Plaintiff to submit initial certifications since none of the Plaintiffs could now certify as to future performance. The unscheduled overtime work for which compensation is sought in this claim has already been performed by the Plaintiffs and neither the Act nor the regulations promulgated thereto provide for a certification process which captures past work.

H. Likewise, the annual certification requirement applicable to years subsequent to the initial year of eligibility, is not intended to reach retroactive claims for Availability Pay. The qualified employee must certify that the employee "has met and is expected to meet" the substantial hours requirement of the Act. 5 U.S.C. Section 5545a(e)(1). [Emphasis added.] The annual certification, like the initial certification, is a prospective promise to perform the requisite amount of unscheduled overtime work in the future and has no retroactive application. The conjunctive "and" in the phrase "and is expected to meet" means that the annual certification must be prospective, which is impossible in the instant case. Further, the regulation prescribing the annual certification (5 C.F.R. 550.184(b)), consistent with the Act, requires the annual certification to be prospective. According to 550.184(b), an annual certifier must certify that he or she "currently meets, and is expected to continue to meet during the upcoming 1-year period," the requisite hours requirement of the Act. 5 C.F.R. 550.184(b). None of the Plaintiffs can now certify that he/she currently meets or is expected to meet the substantial hours requirement in the future. Therefore, it would be frivolous to obligate each Plaintiff to now seek an annual certification which is impossible to obtain.

I. In further support of Plaintiffs' futility claim, after the FAA agreed, on January 29, 2001, pursuant to a Settlement Agreement that each Plaintiff during the time periods

described in the Preliminary Statement above, and which are the subject of the instant claims, served as a "law enforcement officer" (See Settlement Agreement, paragraph 2, at Plaintiffs' Supplemental Appendix, p. 1) Plaintiffs Vanderpool, Funke, Roberts, Root, Fisher, and Macho, requested retroactive Availability Pay, in writing, from the FAA. See Plaintiffs' Supplemental Appendix, pp. 3-12. Plaintiff Caven's claim for retroactive Availability Pay was denied by the FAA. See JSOF, paragraph 22, p. 8. The claims of Plaintiffs Vanderpool, Funke, Roberts, Root, Fisher, and Macho, were also denied or ignored by FAA. See Plaintiffs' Supplemental Appendix, pp. 13-15. The FAA has made it sufficiently clear that it had no intention of invoking the (non-existent) certification process to determine Plaintiffs' retroactive Availability Pay claims and any further efforts by any of the Plaintiffs' to do so was and is futile.

## IV. TUCKER ACT JURISDICTION UNDER THE FAA PERSONNEL MANAGEMENT SYSTEM IMPLEMENTED AS OF APRIL 1, 2006

This Court does not lack jurisdiction to hear Plaintiffs' claims for any claim that accrued after March 31, 1996, the date of implementation of the Federal Aviation Administration Personnel Management System pursuant to 49 U.S.C. Section 40122(g) (2000) ("FAA PMS") for the following reasons:

A. The FAA PMS (See Plaintiffs' Appendix, Chapter II, paragraph 1b, p.13) provides that any "personnel compensation and benefits" to which FAA employees were entitled to as of March 31, 1996 would continue in full force and effect after that date. Availability Pay, to which each Plaintiff was entitled as of March 31, 1996, continued to be an entitlement after that date according to the FAA PMS. Availability Pay, a form of premium pay for unscheduled

overtime work (see 5 U.S.C. Section 5545a (b)) is encompassed within the plain meaning of "personnel compensation" or "benefits."

B. According to the FAA PMS, it was contemplated that on or about September 30, 1997, a revised FAA PMS "compensation" plan be devised and implemented by the FAA. (See Plaintiffs' Appendix, Chapter 11, 1 (d), at 13). Upon information and belief, no such new FAA PMS plan dealing with employee "compensation" was promulgated at any time on or after September 13, 1997. However, nor does it appear that any of the "personnel compensation" or "benefits" entitlements of FAA employees which subsisted as of March 31, 1996 (inclusive of Availability Pay) and which continued to be preserved and applied after the enactment of the FAA PMS on April 1, 1996, was affirmatively abrogated by the FAA on or after September 30, 1997. The omission by the FAA to set a new "compensation" plan in place as of September 30, 1997, in no way can reasonably be construed to mean that the FAA intended to impliedly repeal the provisions of the FAA PMS which expressly incorporated all the employee "personnel compensation" and "benefits" subsisting as of March 31, 1996 into the FAA PMS.

C. Although the FAA could have implemented a certification procedure pursuant to the Act both before and after the implementation of FAA PMS, the FAA did not do so. However, as discussed above, the lack of a certification procedure is not fatal to Plaintiffs' current retroactive Availability Pay claims, pursued through the FAA PMS, since such a procedure could not apply to retroactive claims, and seeking such certification at the present time would be futile.

D. The Defendant has failed to demonstrate, how, if all preexisting compensation and benefit systems which were incorporated into the FAA PMS by virtue of FAA PMS, Chapter

II, 1b at Plaintiffs' Appendix, p. 13, were somehow automatically abrogated on September 30, 1997, FAA employees continued to be paid, after such date. No new system was set up. This means that the FAA continued to pay its employees under the old system, that is, the compensation system in effect as of March 31, 1996, which would include Availability Pay as a part of the more general "personnel compensation" and "benefits" which survived the implementation of the FAA PMS.

The greatest testament to the continuing vitality of the original compensation and benefits system set up at the implementation of the FAA PMS as of April 1, 1996, is the failure of the Defendant to demonstrate how and by what authority the wages of FAA employees continued to be paid after September 30, 1997 in the absence of a new compensation system. It is obvious that the FAA PMS system continues to subsist, as enacted, and that the compensation system in place as of March 31, 1996, including entitlement to Availability Pay, continues to abide to this day.

## V. OPERATIONAL DIFFERENTIAL PAY

Based upon the materials submitted by Defendant in its Supplemental Appendix, dated December 18, 2006, the Plaintiffs now waive any previous claim by them that Availability Pay is a form of operational differential pay.

## VI. THE DOE SERIES OF CASES

The Defendant's reliance upon Doe v. United States, 372 F.3d 1347 (Fed. Cir. 2004) ("Doe I") and Doe v. United States, 463 F.3d 1314 (Fed. Cir. 2006 ("Doe II") are

misplaced. Doe I is distinguishable from the instant claims of Plaintiffs on the basis that it was undisputed in Doe I that the employing agency had in place during the relevant times covering the Plaintiffs' scheduled overtime claims a written pre-approval policy that was never invoked by the Plaintiffs although it apparently could have been. In the instant case, the FAA had no certification procedure in place. Indeed, even today, no such system is in place. Also, in Doe I, it was management's decision whether the employee would be paid overtime, which had to be pre-approved in writing. In contrast, the payment of Availability Pay is not discretionary, but mandatory (see 5 U.S.C. 5545a(c)), and it was up to the employee to determine whether it was necessary to work unscheduled overtime.

Doe II is likewise of no help to Defendant. In Doe II, according to the administratively uncontrollable overtime ("AUO") statute (a discretionary payment scheme for payment for unscheduled overtime) required the head of an agency to administratively designate those positions entitled to earn AUO. The Plaintiffs in Doe II did not occupy such a designated position and therefore had no viable claim. In contrast, each of the positions occupied by Plaintiffs is peremptorily eligible for Availability Pay by virtue of the language of the Act itself. (See 5 U.S.C. Section 5545a(2), which designates criminal investigators as defined by the Act, as automatically eligible). There does not appear to be a dispute regarding Plaintiffs' claims that each, during all relevant times, was a "criminal investigator" as contemplated by 5545a(2) of the Act, and therefore each Plaintiff occupied a covered position.

## VII. CONCLUSION

For all of the foregoing reasons, as well as the reasons set forth in Plaintiffs' Opposition to Defendant's Partial Motion to Dismiss, dated November 20, 2006, the Defendant's Motion should be denied in its entirety.

Respectfully yours,

s/Lawrence Berger
Mahon & Berger, Esqs.
Lawrence Berger, Esq.
21 Glen Street, Suite D
Glen Cove, New York 11542
516-671-2688
Fax: 516-671-1148