# PLAINTIFFS' SUPPLEMENTAL APPENDIX

UNITED STATES OF AMERICA
MERIT SYSTEM PROTECTION BOARD
SEATTLE FIELD OFFICE

| | |
|---|---|
| James Vanderpool,<br>Michele Root,<br>Richard Roberts,<br>Robert L. Macho,<br>Thomas J. Funke,<br>William E. Fisher,<br>Donald A. McMullen,<br>APPELLANTS,<br><br>v.<br><br>U.S. Department of Transportation<br>AGENCY. | Docket Numbers<br>SE-0831-00-0350-I-1<br>SE-0831-00-0358-I-1<br>DE-0831-00-0477-I-1<br>SE-0831-00-0359-I-1<br>DE-0831-00-0491-I-1<br>CH-0842-00-0815-I-1<br>SF-0831-00-0682-I-1 |

SETTLEMENT AGREEMENT

The U. S. Department of Transportation, Federal Aviation Administration (FAA), hereinafter referred to as the Agency, and each of the above-named appellants agree to the following terms and conditions in settlement of the above-captioned matter:

1. Each appellant hereby withdraws his or her appeal and any and all matters before the Merit System Protection Board under the above-captioned consolidated case.

2. The Agency agrees that the service of each appellant while employed with the Agency in the position of Criminal Investigator, GS, GM, FG or FM-1811, and/or Civil Aviation Security Specialist/Criminal Investigator, GS, GM, FG or FM-1801, is service as a law enforcement officer within the meaning of 5 U.S.C. §§ 8401(17) and 8412(d)(2) or 5 U.S.C. §§ 8331(20) and 8336(c)(1).

3. Each of the parties agrees to be bound by the terms and conditions of this agreement.

4. This agreement shall become effective upon the date of the signatures of all parties.

5. By their signatures on this agreement, each appellant and the Agency agree that this agreement was the result of mutual consideration, that it was made freely and fairly and was not the result of coercion or duress, and that each appellant and the Agency understands the terms of the agreement and agrees with them.

6. The Agency agrees to pay to appellants' attorney, Lawrence A. Berger, the sum of $15,000.00 in attorney fees within 30 calendar days of receipt of an attorney fee statement from Mr. Berger.

7. The parties agree that any claimed violation, breach, or failure to perform any of the commitments described in this agreement by any party shall be raised in writing within 30 calendar days of the date the aggrieved party became aware of the alleged noncompliance by filing a petition for enforcement with the U. S. Merit Systems Protection Board.

8. Each appellant agrees to notify the Agency within 20 days of the date of entering into a law enforcement position within the meaning of the retirement laws with an agency other than the Federal Aviation Administration.

Lawrence A. Berger (Attorney for Appellants) — 1/29/01 Date

Julio Garcia, For the Agency — 1/29/01 Date

Raymond A. Martinez, Attorney for Agency — 1/29/01 Date

James R. Vanderpool — 1/29/01 Date

Michelle L. Root — 1/29/01 Date

Richard L. Roberts — 1/29/01 Date

Robert L. Macho — 1/29/01 Date

Thomas J. Funke — 1/29/01 Date

William E. Fisher, II — 1/29/01 Date

Donald A. McMullen — 1/29/01 Date

FEB 2 6 2001

Ms. Mari Barr Santangelo, Director
Departmental Office of Human Resource Management, M-10
Office of the Secretary of Transportation, Rm 7411, Nassif Building
400 Seventh Street, SW
Washington, DC 20590

James R. Vanderpool
4706 Morris Ave. S.
Renton, WA 98055

Dear Ms. Santangelo:

On January 29, 2001, the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA) (Agency) entered into a Settlement Agreement with me in Seattle, WA before, and enforceable by, the Merit Systems Protection Board (MSPB). In this agreement, the Agency agreed that my service as Criminal Investigator/Civil Aviation Security Specialist in the FAA is service as a law enforcement officer within the meaning of 5 U.S.C Sections 8401(17) and 8412(d)(2) or 5 U.S.C. Sections 8331(20) and 8336(c)(1).

In October 1994 the Law Enforcement Availability Pay (LEAP) law, Title 5 U.S.C. Section 5545(a), became effective. This law states that Criminal Investigators will be paid LEAP, and a denial of payment is considered an adverse action. LEAP has been consistently paid to other DOT 1811 Criminal Investigators as specified by this law, i.e. DOT/OIG, Odometer Fraud Investigators, etc.

In a Memorandum dated August 10, 1995, the Director, Office of Civil Aviation Security Operations (ACO-1) specifically denied LEAP to every employee in ACS (Civil Aviation Security) in the Criminal Investigating, GS-1811, series. The base criteria used for this specific blanket denial was "Since none of our positions are covered under law enforcement retirement it is apparent that no position within ACS is eligible for availability pay."

3

It is clear based upon my January 29, 2001 settlement agreement with the Agency that I have been a law enforcement officer (Criminal Investigator) during my entire employment with the Agency that began in July 1987 and therefore entitled to LEAP since October 1994. I am requesting that corrective personnel action be taken by full payment of all LEAP funds with interest, including all payments due to my account in the Thrift Saving Plan (TSP) retirement fund.

I have provided copies of my Settlement Agreement with the Agency dated January 29, 2001 and the August 10, 1995 memorandum from FAA ACO-1 that specifically denied me, and all other series 1811 employees in ACS availability pay. Please review this information and provide the Agency's (DOT) determination as to the payment of LEAP funds to me within 30 days from the date of this letter. Your consideration is appreciated.

Respectfully,

James R. Vanderpool

Attachments: MSPB Settlement Agreement dated January 29, 2001
Memorandum dated August 10, 1995 from ACO-1

Cc: Mr. Lawrence Berger, Attorney at Law

Thomas J. Funke
6138 S. Killarney Drive
Aurora, Colorado 80016

March 6, 2001

Ms. Mari Barr Santangelo, Director
Departmental Office of Human Resource Management, M-10
Office of the Secretary of Transportation, Rm. 7411, NASSIF Building
400 Seventh Street SW
Washington, DC 20590

Dear Ms. Santangelo,

On January 29, 2001, the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA) (Agency) entered into a Settlement Agreement with me in Seattle, WA. This agreement was in lieu of a hearing before the Merit System Protection Board (MSPB), and is enforceable by the MSPB. In this agreement, the Agency acknowledged that my service as a Criminal Investigator/Civil Aviation Security Specialist in the FAA is covered service as a law enforcement officer within the meaning of 5 U.S.C. Sections 8401(17) and 8412(d)(2) or 5 U.S.C. Sections 8331(20) and 8336(c)(1).

In October 1994, the Law Enforcement Availability Pay (LEAP) law, Title 5 U.S.C. Section 5545(a), became effective. This law states that all Criminal Investigators will be paid LEAP, and a denial of payment is considered an adverse action. LEAP has been consistently paid to other DOT 1811 Criminal Investigators specified in the law, i.e. DOT/OIG and Odometer Fraud Investigations, etc.

In a Memorandum dated August 10, 1995, the Director, Office of Civil Aviation Security Operations (ACO-1), specifically denied LEAP to every employee in ACS (Civil Aviation Security) in the Criminal Investigator, GS-1811 series. The basis for the denial was expressed as follows—"Since none of our positions are covered under law enforcement retirement it is apparent that no position within ACS is eligible for availability Pay."

It is clear based upon my settlement agreement with the Agency that I have been a law enforcement officer (Criminal Investigator) during my entire employment with the Agency that began in September 1988, and therefore, I'm entitled to LEAP pay since October 1994. I am requesting that corrective personnel action be taken by full payment of all LEAP funds with interest, including all payments due to my account in the Thrift Savings Plan (TSP) retirement fund.

5

I have provided copies of my Settlement Agreement with the Agency dated January 29, 2001 and the August 10, 1995 memorandum from FAA ACO-1 that specifically denied me, and all other series 1811 employee's in ACS availability pay. Please review this information and provide the Agency's (DOT) determination as to the method and time of payment for my LEAP funds within 30 days from the date of this letter. Your consideration is appreciated.

Respectfully,

Thomas J. Funke

Attachments: MSPB Settlement Agreement dated January 29, 2001
Memorandum dated August 10, 1995 from ACO-1

cc: Mr. Lawrence Berger, Attorney at Law
Federal Law Enforcement Officers Association

February 26, 2001

Ms. Mari Barr Santangelo, Director
Departmental Office of Human Resource Management, M-10
Office of the Secretary of Transportation, Rm 7411, Nassif Building
400 Seventh Street, SW
Washington, DC 20590

Richard L. Roberts
2638 South Cimarron Street
Aurora, Colorado 80014

Dear Ms. Santangelo:

On January 29, 2001, the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA) (Agency) entered into a Settlement Agreement with me before the Merit Systems Protection Board (MSPB) in Seattle, Washington. In this agreement, the FAA agreed that my service as a Criminal Investigator/Civil Aviation Security Specialist in the Agency is service as a law enforcement officer within the meaning of 5 U.S.C. Sections 8401(17) and 8412(d)(2) or 5 U.S.C. Sections 8331(20) and 8336( c ) (1).

In October 1994, the Law Enforcement Availability Pay (LEAP) law under Title 5 U.S.C. Section 5545(a), became effective. According to this law, the Criminal Investigators will shall be paid LEAP and a denial of such payment is considered an adverse action.

In a Memorandum dated August 10, 1995, the Director, Office of Civil Aviation Security Operations (ACO-1) of the Agency, specifically denied LEAP to every Criminal Investigator, GS-1811 series, in the Civil Aviation Security (ACS) division of the FAA. According to this Memorandum, the basis for the denial was "since none of our positions are covered under law enforcement retirement it is apparent that no position within ACS is eligible for availability pay."

Based on this mutual agreement enforceable by the MSPB, I have been a law enforcement officer (Criminal Investigator) during my entire employment with the Agency that began in July 1991. Pursuant to the LEAP law, Title 5 U.S.C., Section 5545(a), I have been entitled to LEAP from October 1994 to present. Therefore, I request that I be paid all LEAP funds with interest for the aforementioned time period.

7

I have provided copies of my Settlement Agreement with the Agency, dated January 29, 2001, and the August 10, 1995 Memorandum from ACO-1 that specifically denied me, and all other series 1811 employees in ACS, availability pay. Please review this information and provide the Agency's (DOT) determination as to the payment of LEAP funds to me within 30 days from the date of this letter. Your consideration is appreciated.

Respectfully,

Richard L. Roberts

Attachments: MSPB Settlement Agreement, dated January 29, 2001
Memorandum, dated August 10, 1995, from ACO-1

cc: Mr. Lawrence Berger, Attorney at Law
Federal Law Enforcement Officers Association

Michelle L. Root
8619 66th Ave. East
Puyallup, WA 98371

Ms. Mari Barr Santangelo, Director
Departmental Office of Human Resource Management, M-10
Office of the Secretary of Transportation
Room 7411, Nassif Building
400 Seventh Street S.W.
Washington, D.C. 20590

February 16, 2001

Dear Ms. Santangelo

This letter serves as my official request to the Department of Transportation for my Law Enforcement Availability Pay (LEAP) from my date of hire with the Federal Aviation Administration (FAA) through the present and on a continuing basis. I am requesting full payment of all my LEAP funds with interest, including all payments due to my account in the Thrift Savings Plan (TSP) retirement fund. I request this pay in accordance with Title 5 U.S.C. Section 5545a (Availability Pay for Criminal Investigators), which became effective in October 1994 for law enforcement officers.

In 1995 the FAA gave a blanket denial of LEAP to the criminal investigators, 1811 job series employees. The foundation of that denial has been proven to be inaccurate. On January 29, 2001, the FAA entered into a Settlement Agreement with six of my coworkers and me before the Merit Systems Protection Board (MSPB) in Seattle, WA. The agency agreed that my work as a criminal investigator in the FAA has been in service as a law enforcement officer within the meaning of 5 U.S.C. Sections 8401(17) and 8412(d)(1). I therefore have been eligible and entitled to LEAP from my date of hire with the FAA in June 1998.

This agreement assures that I now have no break in service as an 1811 criminal investigator from my time of hire with the government in 1992. I have provided a copy of the Settlement Agreement with the FAA dated January 29, 2001. Please review this information and provide me with the Agency's decision and any supporting information within 30 days from receipt of this letter. Your support of this request is greatly appreciated.

Sincerely

Michelle L Root

Michelle L. Root

Enclosure

cc:
Mr. Lawrence Berger, Attorney at Law

9

EXHIBIT
8
Fisher

William E, Fisher
6127 NW Pine Ridge Circle
Parkville, MO 64152

February 8, 2001

Ms. Mari Barr Santangelo, Director
Departmental Office of Human Resource Management, M-10
Office of the Secretary of Transportation, Rm 7411, NASSIF Building
400 Seventh Street, SW
Washington, DC 20590

Dear Ms. Santangelo:

On January 29, 2001, the U.S. Department of Transportation (DOT), Federal Aviation Administration (FAA) (Agency) entered into a Settlement Agreement with me in Seattle, WA. This agreement was in lieu of a hearing before the Merit System Protection Board (MSPB), and is enforceable by the MSPB. In this agreement, the Agency acknowledged that my service as a Criminal Investigator/Civil Aviation Security Specialist in the FAA is covered service as a law enforcement officer within the meaning of 5 U.S.C Sections 8401(17) and 8412(d)(2) or 5 U.S.C. Sections 8331(20) and 8336(c)(1).

In October 1994 the Law Enforcement Availability Pay (LEAP) law, Title 5 U.S.C. Section 5545(a), became effective. This law states that Criminal Investigators will be paid LEAP, and a denial of payment is considered an adverse action. LEAP has been consistently paid to other DOT 1811 Criminal Investigators as specified by this law, i.e. DOT/OIG, Odometer Fraud Investigators, etc.

In a Memorandum dated August 10, 1995, the Director, Office of Civil Aviation Security Operations (ACO-1) specifically denied LEAP to every employee in ACS (Civil Aviation Security) in the Criminal Investigator, GS-1811, series. The basis for the denial was expressed as follows--"Since none of our positions are covered under law enforcement retirement it is apparent that no position within ACS is eligible for availability pay."

It is clear based upon my settlement agreement with the Agency that I have been a law enforcement officer (Criminal Investigator) during my entire employment with the Agency that began in January 1989 and therefore entitled to LEAP since October 1994. I am requesting that corrective personnel action be taken by full payment of all LEAP funds with interest, including all payments due to my account in the Thrift Saving Plan (TSP) retirement fund.

I have provided copies of my Settlement Agreement with the Agency dated January 29, 2001 and the August 10, 1995 memorandum from FAA ACO-1 that specifically denied me, and all other series 1811 employees in ACS availability pay. Please review this information and provide the Agency's (DOT) determination as to the payment of LEAP funds to me within 30 days from the date of this letter. Your consideration is appreciated.

Respectfully,

William E. Fisher

Attachments: MSPB Settlement Agreement dated January 29, 2001
Memorandum dated August 10, 1995 from ACO-1

cc: Mr. Lawrence Berger, Attorney at Law
Federal Law Enforcement Officers Association

February 14, 2001

Robert L. Macho
18112 98th St. East
Sumner, WA 98390

Ms. Mari Barr Santangelo
U.S. Department of Transportation
Director, Human Resources Division (M-10)
400 Seventh St. S.W.
Washington D.C. 20590

Ma'am,

This is my formal request for final determination and payment by your office for Law Enforcement Availability Pay (LEAP) that I was entitled to, during my employment with the Federal Aviation Administration (FAA), from August 16, 1998 to February 10, 2001. More specifically, I am requesting full payment of LEAP with interest, as well as, contributions to my Thrift Savings Plan retirement account for the above dates.

The FAA employed me as a Special Agent, FG-1811 Series, Criminal Investigator. Since 1994, according to 5 USC 5545a, LEAP is an entitlement for a federal Law Enforcement Officer (LEO). LEAP has been paid to other DOT 1811's including, Special Agents of the Office of Inspector General (OIG).

On August 10, 1995, the FAA issued a blanket denial for LEAP to its 1811's (see attached). On January 29, 2001, the FAA entered into a settlement agreement before the Merit Systems Protection Board, in which it recognized that my service for the agency was that of a federal LEO, as defined under, 5 USC (see attached). On January 30, 2001, the FAA corrected this personnel action retroactive to my hire date (see attached).

I request your response and full payment within 30 calendar days of receipt of this letter.

Sincerely,

Robert L. Macho

Atch.
1. Copy of FAA Memorandum, August 10, 1995
2. Copy of MSPB Settlement Agreement, January 29, 2001
3. Copy of SF-50, January 30, 2001

Cy.
1. Lawrence A. Berger, Esq.

U.S. Department of Transportation
Office of the Secretary of Transportation

400 Seventh St., S.W.
Washington, D.C. 20590

MAR 15 2001

Mr. James R. Vanderpool
4706 Morris Ave. S.
Renton, WA 98055

Dear Mr. Vanderpool:

This is in response to your February 14, 2001, request for Law Enforcement Availability Pay (LEAP), under Section 5545a of Title United States Code and Part 550 of Title 5, Code of Federal Regulations.

The premium pay provisions of the United States Code and Code of Federal Regulations governing LEAP apply only to those Law Enforcement Officers covered by the cited statute and regulation, and do not apply to those employed by the Federal Aviation Administration (FAA). Therefore, you are not entitled to Law Enforcement Availability Pay.

If you have further questions concerning this matter, please contact your servicing Human Resource Management Office within FAA.

Sincerely,

Mari Barr Santangelo
Director, Departmental Office
of Human Resource Management

13

May 30 '02 14:34 P.02/04

U.S. Department of Transportation
Office of the Secretary of Transportation

400 Seventh St., S.W.
Washington, D.C. 20590

MAR 15 2001

Mr. Richard L. Roberts
2638 South Cimarron St.
Aurora, CO 80014

Dear Mr. Roberts:

This is in response to your February 26, 2001, request for Law Enforcement Availability Pay (LEAP), under Section 5545a of Title United States Code and Part 550 of Title 5, Code of Federal Regulations.

The premium pay provisions of the United States Code and Code of Federal Regulations governing LEAP apply only to those Law Enforcement Officers covered by the cited statute and regulation, and do not apply to those employed by the Federal Aviation Administration (FAA). Therefore, you are not entitled to Law Enforcement Availability Pay.

If you have further questions concerning this matter, please contact your servicing Human Resource Management Office within FAA.

Sincerely,

Mari Barr Santangelo

Mari Barr Santangelo
Director, Departmental Office
of Human Resource Management

14

SEP. 21. 2006 11:27AM ANM-750 NO. 477 P. 12

U.S. Department of Transportation
Office of the Secretary of Transportation

400 Seventh St., S.W.
Washington, D.C. 20590

MAR 1 5 2001

Mr. Thomas J. Funke
6138 S. Killarney Drive
Aurora, CO 80016

Dear Mr. Funke:

This is in response to your March 6, 2001, request for Law Enforcement Availability Pay (LEAP), under Section 5545a of Title United States Code and Part 550 of Title 5, Code of Federal Regulations.

The premium pay provisions of the United States Code and Code of Federal Regulations governing LEAP apply only to those Law Enforcement Officers covered by the cited statute and regulation, and do not apply to those employed by the Federal Aviation Administration (FAA). Therefore, you are not entitled to Law Enforcement Availability Pay.

If you have further questions concerning this matter, please contact your servicing Human Resource Management Office within FAA.

Sincerely,

Mari Barr Santangelo
Director, Departmental Office
of Human Resource Management

15