**NO. 04-0093C**

**JUDGE HORN**

---

**In the United States Court of Federal Claims**

**JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD MCMULLEN, and ROBERT MACHO,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF SUBMITTED PURSUANT TO COURT ORDER FILED JANUARY 5, 2007, AS AMENDED ON FEBRUARY 8, 2007

---

**Respectfully submitted,**

**Mahon & Berger, Esqs.**
**Lawrence Berger, Esq.**
**21 Glen Street, Suite D**
**Glen Cove, New York 11542**
**Phone: 516-671-2688**
**Fax: 516-671-1148**
**Attorney for the Plaintiffs**

**Dated: March 5, 2007**

## TABLE OF CONTENTS

PAGE

I. Plaintiffs' Supplemental Reply Brief Pursuant to Court Order Filed January 5, 2007, As Amended On February 8, 2007.............................................1

II. Conclusion..........................................................................................................6

III. Plaintiffs' Supplemental Reply Appendix Documents.......................................3

- FAA Offer of Employment to Plaintiff Fisher as an FV-1801, dated March 14, 2002.........................................................................1

- Notification of Personnel Action Approved April 23, 2002...........................2

- Notification of Personnel Action Approved August 1, 2002..........................3

# TABLE OF AUTHORITIES

**CASES** **PAGE**

**1. Crowley v. United States, 53 Fed. Cl. 737 (2002)..................................................2**

**2. West v. Clinton, 786 F.Supp. 803 (W.D.Ark. 1992).............................................5**

**STATUTES AND REGULATIONS**

**1. 49 U.S.C. Section 40122(g).........................................................................3, 4**

**2. 5 C.F.R. Section 550.103.............................................................................3, 4**

**In the United States Court of Federal Claims**

**James R. Vanderpool, Thomas L. Caven, Michelle L. Root, Richard L. Roberts, Thomas J. Funke, William E. Fisher, Donald McMullen, and Robert Macho,**

**Plaintiffs,**

**v.**

**The United States,**

**Defendant.**

**(Judge Horn)**

**No. 04-0093C**

**PLAINTIFFS' SUPPLEMENTAL REPLY BRIEF SUBMITTED PURSUANT TO COURT ORDER FILED JANUARY 5, 2007, AS AMENDED ON FEBRUARY 8, 2007**

The Defendant, in its Supplemental Response Brief dated February 26, 2007, belatedly introduces two new arguments in support of its partial motion to dismiss the Plaintiffs' Complaint, neither of which has been expressed by the Defendant in its motion papers as late as the oral argument in this matter which took place on January 5, 2007. First, the Defendant now asserts that Plaintiffs Vanderpool, Roberts, Funke, and McMullen, were not classified under the 1811 job series in the OPM General Schedule classification system, for part of the time for which those Plaintiffs claim entitlement to retroactive availability pay and therefore these Plaintiffs do not qualify for availability pay during the time periods that they were not 1811's. Second, in support of Defendant's argument that this Court does not possess subject matter jurisdiction to entertain Plaintiffs' claims for availability pay accruing after March 31, 1996, the Defendant now

asserts that on September 30, 1997, the FAA promulgated a new FAA core compensation plan which Defendant attaches to its Response at Defendant's "2nd Supplemental Appendix 12-30." Defendant asserts that the new core compensation plan supports its argument that this Court lacks subject matter jurisdiction over the Plaintiffs' claims accruing after March 31, 1996.

Although it was not possible in the week that lapsed between the filing by Defendant of its Response Brief and the due date of Plaintiffs' Reply Brief for the undersigned to confirm the factual predicates of Defendants' belated claims, that is, the classification issue and the promulgation of a new core compensation plan, assuming arguendo, that the Defendant's representatives are accurate, the new arguments do not undermine the Plaintiffs' assertions that this Court has subject matter jurisdiction to entertain their entitlement to availability pay.

According to Defendant, Plaintiff Vanderpool was not an 1811, but an 1801, from May 29, 1995 through March 26, 2001. See Response Brief, p. 4. Plaintiff Roberts was not an 1811, but an 1801, from October 31, 1994 through October 30, 1995. See Response Brief, p. 5. Plaintiff Funke was not an 1811, but an 1801, from October 31, 1994 through April 1, 1995. See Response Brief, p. 5. Plaintiff McMullen was not an 1811, but an 1801, from October 9, 2000 through March 26, 2001. See Response Brief, p. 6. (It should be noted that none of the Plaintiffs claim they were 1810's during the relevant time periods.) Assuming that the Defendant's claims regarding classification are accurate, Plaintiffs concede only that Roberts' claims for availability pay between October 31, 1994 through October 30, 1995, and Funke's claim for such pay between October 31, 1994 and April 1, 1995 would be barred, as a matter of law. See Crowley v. United States, 53 Fed. Cl. 737, 792 (2002). All other claims for availability pay by each of the Plaintiffs for the period from October 31, 1994 until the promulgation of the FAA Personnel

Management System (see Plaintiffs' Appendix, Chap. II, paragraph 16, p. 13) on April 1, 1996 and thereafter until March 26, 2001 are not affected by the 1801 classification.

Pursuant to 49 U.S.C. Section 40122(g)(1) (2000) (see Defendant's Appendix, p. 8), the FAA was free to develop and implement its own personnel management system which addressed the "unique demands on the [FAA's] workforce," free of most of the strictures of Title 5. See 40122(g)(2). Pursuant to such discretionary authority, the FAA subsequently authorized employees classified in the 1801 series to receive availability pay. Attached as a Plaintiffs' Supplemental Reply Brief Appendix document at p.2 is a FAA "Notification of Personnel Action" issued to Plaintiff Fisher and approved by the FAA on April 23, 2002. Plaintiff Fisher accepted a position of FV-1801-J with the FAA effective March 17, 2002. His base pay was $78,187 per annum. See Plaintiffs' Supplemental Reply Brief Appendix at p. 1. According to the Notification, Plaintiff Fisher, by virtue of his 1801 position, was eligible for availability pay. See Block 20 and "Remarks" at Block 45 at Plaintiffs' Supplemental Reply Brief Appendix at p. 2. See also "Notification of Personnel Action," approved August 1, 2002, at Block 12 and Block 45 of Plaintiffs' Supplemental Reply Brief Appendix at p. 3 regarding Plaintiff Fisher's entitlement to availability pay as an 1801. It is obvious that the Congressional mandate at 40122(g)(1) emancipated the FAA from the strictures of Title 5, including 5 C.F.R. Section 550.103, and the FAA was free to apply availability pay entitlement to the 1801 series. Significantly, the FAA cited as "Legal Authority" for its tie-in of availability pay to 1801's, the Public Law 104-50 (see Plaintiffs' Supplemental Reply Brief Appendix at p. 2 Block 5-D), which is 5 U.S.C. Section 40122(g). Defendant's reliance upon 5 C.F.R. Section 550.103 is misplaced since FAA was free to reject its provisions confining availability pay to 1811's and

1810's, and in fact did so. The documents at Plaintiffs' Supplemental Reply Brief Appendix, pp. 2 and 3, raises at a minimum a material question of fact as to (i) the applicability of availability pay to 1801's after the promulgation of the FAA Personnel Management System on April 1, 1996, even if 550.103 restricted availability pay to 1811's prior to April 1, 1996 and (ii) the intent of FAA to continue to pay availability pay to its 1811's and 1801's (which are, assuming arguendo, the classifications encompassed by all of the Plaintiffs) after April 1, 1996, the date of the implementation of the new Personnel Management System. After all, as late as 2002, based upon the authority of 40122(g), the FAA paid availability pay to Plaintiff Fisher, classified as an 1801, and this fact corroborates all of the Plaintiffs' claims that they were entitled to availability pay even after the promulgation of the new FAA Personnel Management System, because not only did the FAA believe that it could pay availability pay to its employees after April 1, 1996, under the authority of 40122(g), but, in fact, did so. Nothing in 40122(g) or in any other internal rule promulgated by the FAA (including its promulgation of its new core compensation plan purportedly effective September 30, 1997) precluded the FAA, based upon its own policy making of April 1, 1996 and September 30, 1997, or promulgation of FAA Order 3550.10 (Defendant's 2nd Supp. App. 31-35) from paying availability pay to its law enforcement officers or criminal investigators regardless of classification. Assuming Plaintiff Vanderpool was an 1801 from April 1, 1996 through March 26, 2001, this classification, for the reasons stated above, does not preclude Vanderpool's receipt of availability pay.

Further, the Defendant cites FAA Order 3550.1 (2nd Supp. App. 31, 32), in support of its claim that availability pay was not a form of "compensation" contemplated by the new FAA Personnel Management System promulgated on April 1, 1996, and renewed on September 30,

1997. However, this Order was not deemed by FAA to be a bar to paying availability pay for unscheduled overtime to its employees as evidenced by the payment of availability pay to Plaintiff Fisher in his capacity of an 1801 after April 1, 1996. In addition, the plain language of the Order merely requires overtime work (the rule does not differentiate between scheduled or unscheduled) to be "approved." The Order does not require pre-approval or that approval somehow be certified in writing. Defendant has not demonstrated that the unscheduled overtime work for which each Plaintiff makes a claim in this action, was not in some way "approved" by their supervisor either before or after the fact (either in writing or otherwise), and therefore that they were not entitled to be paid for the untold unscheduled hours worked by the Plaintiffs to make criminal cases.

The Defendant's Motion should be treated by this Court as one for Summary Judgment, regardless of how Defendant characterizes it (see Defendant's Partial Motion to Dismiss, dated September 1, 2006, p. 1, Footnote 3) because Defendant attaches materials outside the pleadings, such as the Affidavit of Ms. Underwood (Defendant's 2nd Supp. App., p. 3), and attaches the new core compensation plan purportedly promulgated on September 30, 1997 (see Defendant's 2nd Supp. App., p. 12). See e.g. West v. Clinton, 786 F.Supp. 803 (W.D. Ark. 1992). Plaintiffs raise material issues of fact to be determined at a hearing as to whether Defendant's assertion that Plaintiffs' availability claims did not survive the enactment of 49 U.S.C. Section 40122(g), effective April 1, 1996 is viable. Plaintiffs' position is that the fact that the FAA paid availability pay to its employees after April 1, 1996 (together with previous arguments expressed in Plaintiffs' previous memoranda) is material proof that the FAA, by its own view of its compensation mandates, understood that it was mandated to pay availability pay to eligible

employees. It is now too late to require the Plaintiffs to suffer through a certification process which did not exist at the time the Plaintiffs worked the unscheduled overtime and which is now too futile to pursue, for the reasons Plaintiffs assert in their previous briefs. This Court has the power to effect a remedy in the absence of a now anachronistic certification process, and for all of the foregoing reasons, including the reasons articulated in Plaintiffs' previous briefs, the Defendant's Motion to Dismiss should be respectfully denied.

## II. CONCLUSION

For all of the foregoing reasons, the Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully yours,

s/Lawrence Berger

Mahon & Berger, Esqs.
Lawrence Berger, Esq.
21 Glen Street, Suite D
Glen Cove, New York 11542
516-671-2688
Fax: 516-671-1148