**NO. 04-0093C**

**JUDGE HORN**

---

**In the United States Court of Federal Claims**

**JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD MCMULLEN, and ROBERT MACHO,**

**Plaintiffs,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED PURSUANT TO COURT ORDER FILED APRIL 23, 2007, AS AMENDED ON APRIL 25, 2007

---

**Respectfully submitted,**

**Mahon & Berger, Esqs.**
**Lawrence Berger, Esq.**
**21 Glen Street, Suite D**
**Glen Cove, New York 11542**
**Phone: 516-671-2688**
**Fax: 516-671-1148**
**Attorney for the Plaintiffs**

**Dated: May 8, 2007**

# TABLE OF CONTENTS

**PAGE**

**I. Plaintiffs' Supplemental Brief Pursuant to Court Order Filed April 23, 2007, As Amended On April 25, 2007.....................................................1**

**II. Conclusion.........................................................................................................3**

**III. Plaintiffs' Supplemental Brief Appendix Documents........................................4**

- **Notification of Personnel Action (Availability Pay) Regarding FAA Employee Joseph P. DeRoche Approved June 24, 2002.......................6**
- **Public Law 104-50.............................................................................................6**

# TABLE OF AUTHORITIES

**STATUTES AND REGULATIONS** **PAGE**

**1. Public Law 104-50.........................................................................................2**

**2. 49 U.S.C. Section 40122(g)...........................................................................2**

**In the United States Court of Federal Claims**

**James R. Vanderpool, Thomas L. Caven,**
**Michelle L. Root, Richard L. Roberts,**
**Thomas J. Funke, William E. Fisher,**
**Donald McMullen, and Robert Macho,** **(Judge Horn)**

**Plaintiffs,** **No. 04-0093C**

**v.**

**The United States,**

**Defendant.**

**PLAINTIFFS' SUPPLEMENTAL BRIEF SUBMITTED PURSUANT TO COURT ORDER FILED APRIL 23, 2007, AS AMENDED ON APRIL 25, 2007**

Attached to this Supplemental Brief submitted on behalf of the Plaintiffs is yet another "Notification of Personnel Action" issued to FAA Employee, Joseph P. DeRoche (not a plaintiff in this case), and approved by the FAA on June 24, 2002. See Plaintiffs' Supplemental Brief Appendix at p. 5. Like the "Notification of Personnel Action" issued to Plaintiff Fisher and exhibited at Plaintiffs' Supplemental Reply Brief Appendix, dated March 5, 2007 at p. 2, the FAA (as late as June 24, 2002) approved the payment of availability pay (see block 5-B) to an employee (DeRoche) classified in the 1801 series (see block 17). It is indisputable that it was the FAA and no other agency, that is Transportation Security Administration or Department of Homeland Security, which approved the payment of availability pay to one of its employees

classified in the 1801 series (see block 46 denoting the "Employing Department or Agency.") In the case of Mr. DeRoche, the FAA cites as its legal authority to pay availability pay Public Law 104-50 (see block 5-D). This is the same authority invoked by the FAA to justify its payment of availability pay to Plaintiff Fisher. (See Plaintiff's Supplemental Reply Brief dated March 5, 2007 Appendix at p. 2). It is also indisputable that the FAA cites no other legal authority for the statutory authority to pay availability pay to Messrs. Fisher and DeRoche other than Public Law 104-50. This Public Law is attached to Plaintiff's Supplementary Brief Appendix at pp. 6-25. Section 347(a) of Public Law 104-50 (5 U.S.C. Section 40122(g)) is the statute which Defendant relies upon to bar the FAA from payment of availability pay to Plaintiffs after April 1, 1996. Yet, this is the very statutory provision which the Defendant self-professedly relied upon to actually pay availability pay to its 1801 employees after April 1, 1996. According to this law, the FAA was "free" to develop and implement its own compensation plan pursuant to its own personnel management system free of most of the strictures of Title 5. The FAA devised its own compensation plan, in part by deciding to pay availability pay after the effective date of the statute on April 1, 1996 to its employees even if they were not classified as 1811s.

The Plaintiffs believe that, if given the opportunity to engage in discovery, they can demonstrate that the FAA paid availability pay to its employees both before and after April 1, 1996, pursuant to Public Law 104-50, and this was common practice well prior to 2002, and September 11, 2001.

## II. CONCLUSION

For all of the foregoing reasons, including the reasons previously expressed to this Court, Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully yours,

s/Lawrence Berger
Mahon & Berger, Esqs.
Lawrence Berger, Esq.
21 Glen Street, Suite D
Glen Cove, New York 11542
516-671-2688
Fax: 516-671-1148

**PLAINTIFFS' SUPPLEMENTAL APPENDIX**