IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JAMES R. VANDERPOOL, THOMAS L. CAVEN, MICHELLE L. ROOT, RICHARD L. ROBERTS, THOMAS J. FUNKE, WILLIAM E. FISHER, DONALD McMULLEN, and ROBERT MACHO, | ) | |
| Plaintiffs, | ) | No. 04-0093C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF
FILED PURSUANT TO THE COURT'S APRIL 23, 2007 ORDER

In the Court's April 23, 2007 order, the Court states that, among the documents attached to plaintiffs' March 5, 2007 reply brief, were documents indicating that one of the plaintiffs, Mr. William E. Fisher "had been promoted and will receive availability pay." April 3, 2007 Order. As a result, the Court ordered defendant to file a supplemental brief "explaining [our] earlier position on the nonexistence of availability pay under the FAA Personnel Management System, and these plaintiff-supplied documents indicating the apparent continued existence of availability pay." Id.

Pursuant to the Court's order, defendant respectfully submits this supplemental brief. In support of our response to the Court's order, defendant relies upon this brief, the 3rd supplemental appendix filed with this brief, and the documentation contained in all of the appendices filed with the

Court by both defendant and plaintiffs.

ARGUMENT

As we demonstrate below, on or about March 17, 2002, Mr. Fisher became a Federal air marshal ("FAM") and an employee of the Transportation Security Administration ("TSA"), which, at that time, was an administration of the Department of Transportation ("DOT"). We further demonstrate that, on March 17, 2002, the Federal Aviation Administration Personnel Management System ("FAA PMS") was applicable to TSA employees and, therefore, 5 U.S.C. § 5545a, and its implementing regulations were not applicable to the TSA. Therefore, the DOT Secretary had the authority to approve the payment of this premium pay, i.e. "availability pay," to FAMs even though a FAM's job classification was a series 1801. Consequently, because the FAA, after April 1, 1996, did not, pursuant to FAA PMS, make any provision for criminal investigators, or civil aviation security specialists who were not FAMS, to receive "availability pay," or any type of premium pay, regardless of whether their job classification was a series 1801 or a series 1811, Mr. Fisher's eligibility for "availability pay" on or after March 17, 2002 is of no consequence.

Notwithstanding the above, in their March 5, 2007 supplemental reply brief, plaintiffs contend that, pursuant to 49 U.S.C. § 40122(g)(1), Congress "emancipated the [Federal

Aviation Administration ("FAA")] from the strictures of Title 5, including 5 C.F.R. Section 550.103." Brief 3.[1/] Therefore, according to plaintiffs, "the FAA was free to apply availability pay entitlement to the 1801 series." Id.

Next, plaintiffs, relying upon the documents contained in the appendix filed with their March 5, 2007 supplemental reply brief, Pl. Supp. Reply Appendix, 2-3, allege that: "Defendant's reliance upon 5 C.F.R. Section 550.103 is misplaced since FAA was free to reject its provisions confining availability pay to 1811's and 1810's, and in fact did so." Brief 3-4. Consequently, plaintiffs conclude that the FAA intended "to continue to pay availability pay to its 1811's and 1801's . . . after April 1, 1996, the date of the implementation of the new Personnel Management System." Brief 4.

Based upon the above, plaintiffs assert that "because the FAA paid availability pay to Plaintiff Fisher, classified as an 1801, this fact corroborates all of the Plaintiffs' claims that they were entitled to availability pay even after the promulgation of the new FAA Personnel Management System. . . ."

---

[1/] "Brief___" refers to plaintiffs' March 5, 2007 supplemental reply brief. "Pl. Supp. Reply App.___" refers to the plaintiffs' supplemental reply appendix filed with the Court on March 5, 2007. "3rd Supp. App.___" refers to defendant's appendix filed with this supplemental brief. "App.___" refers to appendix attached to defendant's partial motion to dismiss filed with the Court on September 1, 2006. "2nd Supp. App.___" refers to the appendix submitted filed with the Court on February 26, 2007, with defendant's supplemental response brief.

Id. Thus, plaintiffs claim that, after April 1, 1996, all plaintiffs were entitled to availability pay regardless of whether a plaintiff was a series 1801 or 1811 or hired after that date.

In our partial motion to dismiss, as well as our other pleadings, we established that: (1) pursuant to 5 U.S.C. § 5445a ("the LEAPA"), this Court possesses limited jurisdiction to entertain the plaintiffs' complaint; and (2) pursuant to 49 U.S.C. 40122(g), on April 1, 1996, the LEAPA was no longer applicable to the FAA resulting in this Court not possessing jurisdiction to entertain any of plaintiffs' claims accruing on or after April 1, 1996, including claims for availability pay accruing during the initial year of eligibility.[2/]

The two notifications of personnel actions contained in plaintiffs' March 5, 2007 supplemental appendix reflect that: (1) effective March 17, 2002, Mr. Fisher became a "Civil Aviation Security Specialist," series 1801; and (2) pursuant to Pub. L. 104-50, Mr. Fisher was entitled to receive availability pay. Pl. Supp. Reply App. 2-3. However, when the LEAPA became inapplicable to the FAA on April 1, 1996, the regulatory provisions implementing the LEAPA, which defined a criminal investigator as being a law enforcement officer ("LEO") who is

---

[2/] Defendant limits this brief to the issues raised by Mr. Fisher receiving availability pay on or about March 17, 2002.

classified as either a series 1811 or 1812, 5 C.F.R. § 550.103, 2nd Sup. App. 1, also became inapplicable. Therefore, because Congress mandated that the FAA PMS, "shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel," 49 U.S.C. § 40122(g)(1), App. 8 (emphasis supplied), Mr. Fisher, pursuant to the FAA PMS, could receive availability pay even though he was: (1) a "civil aviation security specialist," rather than a "criminal investigator;" and (2) had a job classification of a series 1801 rather than a series 1811. Pl. Supp. Reply App. 2-3.

Based upon above, it would appear that plaintiffs' allegations have some merit. However, a review of plaintiffs' documents reveals that, the FAA PMS does not provide a basis (1) for plaintiffs allegations that, after April 1, 1996, they were eligible to receive availability pay whether their job classification was a series 1801 or a series 1811;[3/] nor (2) for this Court to possess jurisdiction to entertain any of plaintiffs' claims for availability pay.

In their supplemental reply, plaintiffs place considerable reliance upon the notices of personnel action, Pl. Supp. Reply

[3/] It is noted that all of the plaintiffs hired after April 1, 1996, i.e., Ms. Root, Mr. McMullen, and Mr. Macho, series 1811 job classifications during the first year they were employed by the FAA. 2nd Supp. App. 9-11. Indeed, Mr. Macho was a series 1811 for the entire period of his employment with the FAA. 2nd Supp. 11.

App. 2-3, but make only one reference, Brief 3, to the first document contained in their appendix. Pl. Supp. Reply App. 1. Brief 3. In that reference, plaintiffs conspicuously fail to mention that Mr. Fisher was not just a civil aviation security specialist, but was a “Civil Aviation Security Specialist (Federal Air Marshal).” Pl. Supp. Reply App. 1.

Plaintiffs’ failure to note that Mr. Fisher became a FAM is quite significant. We previously established that on September 30, 1997, the FAA promulgated the 1997 core compensation plan, 2nd Supp. App. 12-30, a portion of which was devoted to premium pay and overtime. 2nd Supp. App. 24-25. In those portions of the core compensation plan, there was no mention of availability pay. 2nd Supp. App. 24-30. Subsequently, on or about September 17, 1997, the FAA administrator, Jane Garvey, approved providing FAMs a premium pay known as “FAM Pay,” which was computed at 15 percent of a FAM’s base pay. 3rd Supp. App. 1-8.

On or about October 15, 2001, the Secretary of Transportation initialed an action memorandum, 3rd Supp. App. 11, pursuant to which he approved, among other things: (1) the FAA upgrading FAMs to LEOs, 3rd Supp. App. 9; and (2) providing “a 25 percent annual premium pay to Federal Air Marshals,” i.e., increasing FAM pay by 10 percent. 3rd Supp. App. 10. The memorandum also noted that because “the FAA [was] setting pay under its independent personnel authority, and not under Title

5," id., and the FAA was "covered under Title 5 retirement rules," id. (emphasis supplied), "there [was] currently no statutory authority to treat this additional pay as base pay for retirement computation purposes." Id.

Approximately one month after the Secretary's approval, Congress, on November 19, 2001, enacted Pub. L 107-71, 115 Stat. 597, the Aviation and Transportation Security Act ("ATSA")." 3rd Supp. App. 12-18; see 115 Stat. 597. The ATSA: (1) created the TSA, which was to be headed by the Undersecretary of Transportation Security ("the Undersecretary"), as an administration of the DOT, 3rd Supp. App. 12-13, see 115 Stat. at 597; (2) provided that the FAA PMS would apply to TSA employees, subject to modification by the Undersecretary, 3rd Supp. App. 14-15, see 115 Stat. at 601; and (3) provided that the deployment of, as well as other matters concerning, FAMS were the responsibility of the Undersecretary, 3rd Supp. App. 16-18, see 115 Stat. at 606-07. The ATSA also amended 5 U.S.C. § 8331(3)(e) to reflect that, for retirement purposes, availability pay would be included in base pay if "(i) received by a criminal investigator under section 5545a of this title; or (ii) received after September 11, 2001, by a Federal air marshal of the Department of Transportation, subject to all restrictions and earning limitations imposed on criminal investigators under section 5545a." 3rd Supp. App. 18, see 115 Stat. at 607-08

(emphasis supplied). Therefore, even though 5 U.S.C. § 5545a did not apply to the FAA or the TSA, Congress mandated that, in order for FAMs to be able to include their FAM pay, i.e., availability pay, in base pay for retirement purposes, the FAMs receive this premium pay subject to the same conditions that a criminal investigator was required to meet, pursuant to 5 U.S.C. § 5545a, in order to receive such pay. Id.

On or about February 13, 2002, Ms. Garvey and the Undersecretary approved a decision memorandum, 3rd Supp. App. 19-20, pursuant to which the TSA, in accordance with the ATSA, "assume[d] responsibility for those functions currently in the [FAA] Office of Civil Aviation Security (ACS)." 3rd Supp. App. 19. As far as Federal air marshals were concerned, pursuant to FAA order 1650.6C, 3rd Supp. App. 21-27, the Associate Administrator for ACS was responsible for providing the "overall management and direction of the FAM program involving deployments and missions, credentials, and security classification." 3rd Supp. App. 27. Consequently, on February 13, 2002, the FAMs were officially transferred to TSA. As a result, when Mr. Fisher became a FAM on or about March 17, 2002, he became an employee of the TSA and not the FAA.[4/]

---

[4/] Based upon information and belief, the FAA provided personnel administration until the TSA achieved the ability to perform personnel administration. Further, on November 25, 2002, Congress passed the Homeland Security Act of 2002 ("HSA"), Pub. L. 107-296, 116 Stat. 2135, which created the Department of

For all of these reasons, Mr. Fisher received premium pay of 25 percent of his base salary, i.e., "availability pay," because: (1) Mr. Fisher was a FAM; and (2) the DOT Secretary, pursuant to the FAA PMS, which was applicable to TSA employees, approved the payment of this premium pay to FAMs even if their job had classification of series 1801. However, there is no evidence, and plaintiffs do not contend, that, on or after April 1, 1996, the FAA, pursuant to the FAA PMS, made any provision for criminal investigators, or civil aviation security specialists who were not FAMS, to receive "availability pay," whether their job classification was a series 1801 or a series 1811.

CONCLUSION

For all of the reasons set forth in this brief, Mr. Fisher was a TSA employee who received "availability pay," because he was a FAM. Consequently, despite Mr. Fisher receiving availability pay, this Court still does not possess jurisdiction to entertain any of plaintiffs' claims accruing on or after April 1, 1996, and only possesses jurisdiction to entertain those claims alleged in the complaint: (1) that accrued pursuant to

---

Homeland Security ("DHS"). Pursuant to section 403(2) of the HSA, 116 Stat. at 2178, "the functions, personnel, assets, and liabilities" of the "Transportation Security Administration of the Department of Transportation, including the functions of the Secretary of Transportation, and of the Under Secretary of Transportation for Security, relating thereto," were transferred to the Secretary of Homeland Security. Id. Accordingly, pursuant to the HSA, the FAMs became employees of the Department of Homeland Security

5 U.S.C. § 5545a and its implementing regulations; (2) that accrued prior to April 1, 1996; (3) that accrued during a plaintiff's first year of eligibility for availability pay, if any; and (4) that allege the payment of availability pay, if any, to those plaintiffs whose job classification was a series 1811 during their initial year of eligibility. Accordingly, defendant's partial motion to dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/Steven J. Abelson
STEVEN J. ABELSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St., N.W.
Washington, D.C. 20530
Tele: (202) 616-0461

Attorneys for Defendant

OF COUNSEL:

RAYMOND A. MARTINEZ
Attorney
Federal Aviation Administration
AGC-30 Personnel and Labor Law
600 Independence Ave, S.W.
Washington, D.C. 20591

May 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May 2007, the foregoing "DEFENDANT’S SUPPLEMENTAL BRIEF FILED PURSUANT TO THE COURT’S APRIL 23, 2007 ORDER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

\s\ Steven J. Abelson